Argued March 21, affirmed as modified April 24, 1957

## COLE *v.* FOGEL ET AL
310 P. 2d 315

*Clifford S. Beckett,* Oregon City, argued the cause and filed briefs for appellant.

*Laurence Osterman* and *Reginald Williams,* Salem, argued the cause and filed a brief for respondents.

Before PERRY, Chief Justice, and LUSK, WARNER and KESTER, Justices.

### KESTER, J.

This is a suit to impress a resulting trust in favor of plaintiff on certain lands which were deeded to the defendant, Ione Fogel. Defendants in their answer denied the trust and claimed affirmatively that the deed to Ione Fogel was in fact a mortgage to secure a debt, and they sought to foreclose the mortgage. The trial court held that both sides had failed to prove their respective contentions and denied each party the requested relief, and a decree was entered purporting to merge in defendants all legal and equitable estate in the disputed property. Plaintiff appeals from that decree.

The testimony on the principal issues is hopelessly in conflict, but the following background can be gleaned.

In 1938 plaintiff, B. J. Cole, was operating a campground and cottages at Oceanside, Oregon, which he was purchasing on contract. Defendant Ione was then married to Robert Overholser, who died in 1938. Ione Overholser then went to work for plaintiff, apparently for room, board, and a monthly wage (the amount of which is in dispute). In 1940, Cole traded his interest in the Oceanside property for a 128-acre ranch near Molalla. Plaintiff had been estranged from his wife for many years, and his wife was then living in the state of Washington, so to avoid having to get her signature if he should dispose of the place, he had the deed to the Molalla ranch taken in the name of Ione Overholser. Ione continued to work for Cole, and in 1942 the Molalla ranch was exchanged for two parcels of land near Broadacres in Marion county, consisting of 22 acres and 12 acres respectively. At plaintiff's request, Ione executed the necessary papers in connection with that transaction; and title to the Broadacres place was also taken in her name.

In 1943, Ione married Andrew Fogel, who was then serving in the United States Army, and when he was discharged in 1946, he came to live with her. In the meantime Cole had sold the 22-acre tract from the Broadacres place, and again Ione had executed the necessary papers. Plaintiff, with Ione and Andrew Fogel, continued to live on the 12-acre place, until 1948 when Cole moved to Washington county. There he obtained county welfare relief and was on relief until the time of trial. Defendants Ione and Andrew Fogel continued to live on the 12-acre place, paying the taxes and making repairs and improvements upon it. In 1950 plaintiff made demand on defendants for possession of the 12-acre tract, which was refused. This suit was commenced in 1952 to require defendants to convey the

12-acre tract to plaintiff or to have plaintiff declared to be the owner thereof.

The following are some of the conflicts in the evidence:

(1) Plaintiff says that during the Oceanside period, from 1938 to 1940, Ione's wages were fully paid; whereas she says that he didn't pay her a cent.

(2) Plaintiff says that at the time the Molalla property was acquired, Ione agreed to convey it upon his direction; whereas she says she didn't even know the property was in her name until long after the transaction.

(3) Plaintiff says that when the Molalla property was acquired, he told her "if she wished to work for me until I got rid of the ranch, I would give her 10 acres of land." She says that she was to have a one-half interest in the Molalla place in payment of her wages.

(4) Plaintiff says that Ione signed a "release" agreeing to convey the Broadacres property on his demand, and asserts that this release was stolen from his car. Other witnesses testified that they saw such a document. She denies that any such document existed.

(5) Plaintiff says that Ione was lazy and refused to do any work that she could avoid; whereas she tells of constantly doing a man's work in the fields and barns, as well as the cooking, washing, housework, etc.

(6) Plaintiff says that upon the sale of the 22-acre tract Ione got half the proceeds, and that he left his half with her for safekeeping, and he inferentially accuses her of taking some $600 of his share. She denies that she got any portion of the proceeds and denies that she had any of his money.

(7) Plaintiff says that some of the items of main-

tenance and improvement on the place were performed by him or with his money; whereas defendants say that the same items were performed by them with their own funds.

(8) Defendant Ione Fogel testified that the 12-acre tract was given to her in payment for her services; whereas plaintiff says that she was otherwise fully paid, and that she agreed to reconvey the property at his direction.

Further enumeration of the conflicts would be pointless, as enough has been said to show that this court, from the cold record, cannot determine which party is telling the truth. The trial court apparently experienced the same difficulty, even with the advantage of seeing and hearing the witnesses. In his opinion, the late Judge Kimmell said:

"* * * The court has carefully considered the evidence and as a result is of the opinion that neither the plaintiff nor the defendants have sustained the burden of proof incumbent upon them. It follows that both the prayer of the complaint and the prayer of the cross complaint will be denied."

The question on appeal is essentially factual, and although a suit in equity is tried de novo in this court (ORS 17.440), the findings of the trial court are entitled to great weight. *Bogle v. Paulson,* 185 Or 211, 228, 201 P2d 733; *Kramer v. Taylor et al.,* 200 Or 640, 647, 266 P2d 709. Clear and convincing evidence is required to establish either a resulting trust (*Holohan v. McCarthy,* 130 Or 577, 587, 281 P 178), or that a deed is in fact a mortgage (*Umpqua Forest Ind. v. Neenah-Ore. Land Co.,* 188 Or 605, 645, 217 P2d 219). Neither party met this standard of proof as to their affirmative contentions, and we would be content to

affirm the decree without further discussion, were it not for the fact that a portion of the decree goes beyond the pleadings.

The complaint alleges that plaintiff purchased the 12-acre tract and that the title was taken in the name of defendant Ione Overholser (now Fogel) as agent and trustee with an agreement that she would convey it upon his direction. Notwithstanding the claim of express agreement, his theory is that there was a resulting trust in his favor from his payment of the purchase price.

The answer admits that plaintiff purchased the property and denies the remainder of the complaint. For a so-called cross complaint (actually a counterclaim, ORS 16.310), defendants allege that at the time of the conveyance to Ione in 1942, plaintiff was indebted to her for wages and money loaned, and that the deed was given to Ione as security for the debt. Defendants also allege the expenditure of considerable sums by both of them in maintaining and improving the property since 1942, and that the rents and profits have not been sufficient for the upkeep and taxes. They pray for judgment against plaintiff for both the debt claimed to be due prior to the 1942 conveyance and also the amounts expended since that time, and they ask that the deed be adjudged a mortgage and a first lien on the premises, and that it be foreclosed.

In reply, plaintiff denies the affirmative matter in the answer, except as the same admits the allegations of the complaint; and plaintiff (1) alleges the six-year statute of limitations as a bar to the counterclaim, and (2) asks for an accounting of the rents and profits or for judgment for the reasonable rental value of the property.

The decree, after preliminary recitals, provides:

"IT IS THEREFORE ORDERED, AD-JUDGED AND DECREED: That the prayer of the plaintiff's complaint be and the same hereby is denied.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED: That so much of the prayer of the defendants in their answer as demands judgment against the plaintiff for the sum of $7643.30, being the sums of $1955.75 plus $5150.00 plus the sum $537.55 taxes paid together with interest thereon at the rate of 6% per annum until paid, and that the deed referred to in plaintiff's complaint be adjudged to be a mortgage and a first lien upon the premises described therein for said debt and that the same be foreclosed in the manner provided by law, be and the same hereby is denied.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED: That the defendants are the owners of all legal and equitable right, title and interest in and to the property described in plaintiff's complaint and in defendants' answer, to-wit: [Here follows the property description.]"

It will be noted that the final paragraph of the decree purports to declare defendants (including Andrew Fogel) to be the owners of the entire legal and equitable estate in the property; whereas the most that defendants claim in their counterclaim, so far as the property is concerned, is that defendant Ione Fogel holds a mortgage on it to secure a debt. We have the anomalous situation, therefore, of the trial court giving the defendants more than they asked.

Defendant Andrew Fogel on the trial disclaimed any interest in the property except for what he has spent on the place. But since he was a stranger to the conveyance, he would have no right of reimbursement, and no doubt he was included in the final portion

of the decree merely because of his inchoate curtesy interest.

As to Ione, the decree declaring her to be the owner of the equitable, as well as legal title, was apparently based on her testimony that the property was given to her absolutely, in payment for her services. If the defendants had stood on their general denial, that testimony would have been sufficient, if believed, to defeat plaintiff's claim of a trust and leave the equitable title to follow the legal title in Ione's hands. But since defendants affirmatively alleged that Ione was not the owner, but merely a mortgagee, the court could not, in the face of her judicial admission, award her the property absolutely.

■■ It is true that neither party has adhered to the theory of their respective pleadings. Plaintiff alleged an express agreement of trust (which would have been invalid under the statute of frauds, as no writing was produced, ORS 93.020), but now relies on a claim of resulting trust; and defendants alleged a mortgage, and now rely on a claim that the deed was absolute. No attempt was made by either party to amend. But the fact that both sides have ignored the pleadings does not justify the court in awarding relief outside the issues of the case. While both sides asked for general equitable relief, such relief must be consistent with the facts alleged in the pleadings.

■ Therefore, the decree will be modified by deleting the last paragraph, which purports to declare that the defendants are the owners of all legal and equitable title in the property, and as so modified, it is affirmed.

■ Thus the effect is to adjudicate that plaintiff has not established a trust in his favor, and that the defendants have not established a mortgage in favor of Ione. Other than that the rights of the parties are undeter-

mined, except insofar as such rights may flow from the fact that defendants are in possession, with admitted legal title in Ione Fogel. We realize that this may leave the equitable title in an unsatisfactory condition, but the difficulty is of the parties' own making. This court is not at liberty to disregard the issues the parties have made, even to achieve an equitable result. Neither party shall recover costs in this court.

It is so ordered.