Argued October 2, affirmed as modified November 28, 1962

# HEINTZ *v.* SINNER ET UX

376 P. 2d 478

*Frank H. Hilton,* Portland, argued the cause and filed briefs for appellants.

*Leo Levenson,* Portland, argued the cause for respondent. With him on the brief were Kobin & Meyer.

Before McAllister, Chief Justice, and Sloan, O'Connell, Lusk and Denecke, Justices.

DENECKE, J. (Pro tempore)

The appellants bought a motel from the plaintiff. This is a suit by the plaintiff seller for a declaration of his rights and obligations under the contract of sale.

The plaintiff originally purchased the motel from the Mazzoccos. Under that contract of sale plaintiff was to pay $1,350 per month on the balance. Plaintiff later sold his interest in the motel to Mr. and Mrs. Veazey and Ruth M. Starkey. That contract of sale provided that the buyers were to make the payments plaintiff Heintz owed the Mazzoccos. Heintz was to be paid by the buyers an additional sum at the rate of $200 per month. With the consent of Heintz, the Veazeys and Starkey assigned their buyers' interest in the contract with Heintz to the Sinners, the appellants.

All matters in controversy arise from one unusual provision of the sales contract between Heintz and the appellants' assignors. It reads as follows:

"IT IS FURTHER UNDERSTOOD AND AGREED that the Parties of the First and Second Part, in taking over the operation of said Marco Polo Motor Motel under the contract of sale and purchase, shall operate the same in a good and businesslike manner and good and correct books of account shall be kept showing the receipts and disbursements, including all necessary expenses, taxes and upkeep necessary to be paid in the operation of said motel, including a salary of One Hundred Fifty Dollars ($150) per month to be paid to the Party of the Second Part, and if during the months of September, October, November, December, January, February, March, April and May of each year during the period of time as covered by the contract of sale and purchase the income received from the operation of said motel shall not

be sufficient to pay the expenses as hereinbefore enumerated, including the payments on the contract under which the Parties of the Third Part are purchasing said motel and which the Parties of the First and Second Part agree to pay as a part of the purchase price of said motel, that the Parties of the Third Part will advance to the Parties of the First and Second Part a sufficient amount each month for said nine (9) months for each year during the period of time as covered by this contract to meet the operation expenses of said motel, including taxes and One Hundred Fifty Dollars ($150) per month salary for the Party of the Second Part, *and also the monthly payments in the contract of purchase* and said sums so advanced shall be added to and become a part of the contract of sale and purchase to be paid for at the end of the payments to be made to the Parties of the Third Part in the same amounts and drawing the same interest and under the same terms and conditions as provided for in said contract." [The words in italics were interlined in ink and initials of the parties appeared in the margin.]

 The first portion of the decree, the making of which the appellants assign as error, declared that the $200 per month must be paid regardless of what the net income was. Appellants contend that this issue was not in the pleadings. Neither the complaint nor the answer make any allegations concerning the $200 payment. The complaint prays for a decree declaring the duties and obligations of the parties under the contract.

The parties made a stipulation as to what the general issue of the case was to be. The stipulation says nothing concerning the $200. Some of the testimony concerned the $200 and was received without objection.

The defendants objected to the proposed decree, which became the final decree, upon the ground, among others, that the $200 payment was not an issue.

In law and equity the court cannot award relief outside the issues of the case. *Cole v. Fogel et al*, 210 Or 257, 310 P2d 315. The same considerations lead to a similar rule in declaratory judgment proceedings, *Nevada Ditch Co. v. Bennett*, 30 Or 59, 83, 45 P 472, 60 Am St Rep 777; 2 Anderson, Actions for Declaratory Judgments, § 401. The receipt of testimony on the subject, without objection, might provide the basis for an amendment to the pleadings to make it an issue. In the absence of an amendment it does not provide the basis for a decree or judgment.

This portion of the decree will have to be deleted as not being directed to an issue in the case.

The contract between the plaintiff and the Veazeys and Starkey provided that a salary of $150 per month to Miss Starkey would be considered an expense in the computation of net income. In Heintz' consent to the assignment of the contract to the appellants, the last clause in the consent must have originally read: "that in particular they [Sinners] shall be entitled to the salary credit of $150 per month specified for Ruth M. Starkey." This clause in the agreement introduced as an exhibit was "x'd out" by typewriter.

Mr. Sinner's explanation of why this clause was "x'd out" is equivocal.

The question is: Can the $150 per month be included by appellants as an expense in determining whether or not there is a monthly deficit which Heintz must make up by an advancement?

The most reasonable interpretation is as follows: The Heintz-Veazey-Starkey contract permitted $150 per month salary to Miss Starkey to be included as an expense. That contract did not include as an expense any salary to Veazey or to the "purchaser." From the

documents themselves this appears to be a contract right personal to Miss Starkey and not assignable.

The last part of the decree declared that no salary for a manager or operator could be included as an expense in determining whether or not there was a deficit for which Heintz was obligated to make an advance.

The Sinners had engaged their son Alvin to perform services at the motel. Some of the work he performed probably would be included in the usual duties of a motel manager or operator. He was paid $300 per month plus an apartment.

The contract provided that in determining whether there was a deficit there could be deducted as expenses "necessary expenses * * * in the operation of said motel, including a salary of One Hundred Fifty Dollars ($150) per month to be paid to [Starkey] * * *." The deductible expenses were also described as "operation expenses of said motel, including taxes and One Hundred Fifty Dollars ($150) per month salary * * *."

Ordinarily a reasonable salary for a manager or operator would be encompassed within the phrases "necessary expense in the operation of a motel" or "operation expenses." Under this contract, however, managerial expenses were limited to $150 to be paid to Miss Starkey. Before the assignment to the Sinners, the Veazeys and Starkey could not have included any greater amount as managerial expenses in computing net income. Neither could they have included payment for managerial expense to any person other than Miss Starkey. After the assignment the amount could not be raised. As Miss Starkey was no longer involved as manager, no one else could be paid the $150. This portion of the decree is found to be correct.

■ The defendants, in their answer, requested the court to decree that the services performed by the Sin-

ners' son were not the services of a manager or motel operator. The trial court made no declaration on this subject. Although the trial court's failure was not made the subject of an assignment of error it seems to be challenged by appellants in their brief. It will be considered. Assignments of error are not indispensable in equity appeals and declaratory judgment proceedings are controlled largely by equity practice. Supreme Court Rules of Procedure, Rule 20; *Consolidated Freightways, Inc. v. Flagg,* 180 Or 442, 457, 176 P2d 239, 177 P2d 422.

■ However, we conclude that the trial court was not in error in not deciding this issue. Heintz stipulated that Alvin Sinner performed the work alleged in the answer. That was really all that was offered on this issue. Without some evidence of the practice of the motel industry as to the usual or customary duties of a manager or operator of a motel the question cannot be decided. The court cannot decide as a matter of law that, for example, fixing leaky faucets is a duty of a motel manager, while replacing burned out light bulbs is not.

Affirmed as modified. Costs to neither party.