Argued September 19, affirmed October 28, 1974

IN THE MATTER OF THE ESTATE OF OLIVE B. DAVIS,
DECEASED.

DAVIS, *Respondent, v.* HOWARD (No. 4390),
*Appellant.*

527 P2d 422

*Robert P. VanNatta,* St. Helens, argued the cause for appellant. On the brief were George G. VanNatta and VanNatta & Petersen, St. Helens.

*Harold L. Olsen,* St. Helens, argued the cause for respondent. With him on the brief were Vagt, Olsen & Coon, St. Helens.

Before SCHWAB, Chief Judge, and FOLEY and TANZER, Judges.

FOLEY, J.

This is an appeal from an order of the circuit court admitting to probate after proof in solemn form a document dated October 8, 1959, as the last will and testment of Olive B. Davis, deceased. Petitioner Joe Bird Howard (hereinafter Howard) objected to the probate of the will offered for probate by her brother, Alney J. Davis (hereinafter Davis), asserting that the court should impose a constructive trust upon the assets of the estate making Davis a trustee of a one-half interest in the net assets of the decedent's estate for the benefit of Howard.

Decedent had two children, Davis and Howard. On October 8, 1959, decedent drafted a will leaving everything to her son, Davis, except for the provision:

"One dollar, I leave to my daughter, Joe Bird Davis Howard."

The will was mailed to Davis in 1959 and he has kept it with him since that time.

Petitioner Howard admits that there is no question regarding the competency of decedent Olive B. Davis to make a will on the date thereof and petitioner

agrees that decedent was not subjected to any undue influence in the making thereof. Petitioner Howard also does not question the sufficiency of evidence produced in the circuit court concerning the execution of decedent's will.

On January 28, 1973, decedent wrote Davis a letter wherein she recalled that she

"* * * put in the will *One dollar to Joe Bird. Erase that please.* I can't have that bitterness now. Time is too short." (Emphasis hers.)

Davis testified below that he responded by mail and via a telephone call, telling decedent that he could not change the will and that if she wanted it changed she would have to write another will. Davis also testified that decedent neither asked him to destroy the will nor asked him to mail the will to her.

ORS 112.275 provides that a will may be revoked or altered only as provided in the Oregon statutes. ORS 112.285 is the pertinent statute and provides:

"(1) A will may be revoked or altered by another will.

"(2) A will may be revoked by being burned, torn, canceled, obliterated or destroyed, with the intent and purpose of the testator of revoking the will, by the testator, or by another person at the direction of the testator and in the presence of the testator. The injury or destruction by a person other than the testator at the direction and in the presence of the testator shall be proved by at least two witnesses."

■ The evidence presented in the trial court does not reflect an effective revocation or alteration of the original will. However, petitioner Howard argues that the circumstances of this case call for the creation of a constructive trust.

■ A constructive trust is a trust created by operation of law against one who by actual or constructive fraud, by duress or by abuse of confidence, or by commission of wrong, or by any form of unconscionable conduct, or other questionable means, has obtained or holds legal right to property which he should not, in equity and good conscience, hold and enjoy. *Marston v. Myers et ux,* 217 Or 498, 342 P2d 1111 (1959). Proof of a constructive trust must "be strong, clear and convincing." *Evans v. Trude et al. and Champlin et al.,* 193 Or 648, 658, 240 P2d 940 (1952).

■ The only evidence tending to support a constructive trust was objected to and rejected by the trial court as hearsay. It was taken under the rule by petitioner Howard. We have examined the testimony and agree with the trial court that it was inadmissible, and if admissible would not have established a constructive trust. In our review we do not find "strong, clear and convincing" proof of a constructive trust.

The order of the circuit court admitting the will of Olive B. Davis to probate is affirmed.