Argued September 29, reversed and remanded October 30, reconsideration denied December 5, 1978, petition for review denied January 23, 1979

In the Matter of The Estate of Lewis Culter Hurlbutt, Deceased,

HURLBUTT, *Respondent—Cross-Appellant,*

*v.*

HURLBUTT, *Appellant—Cross-Respondent.*

(No. E-2190, CA 10355)

585 P2d 724

Gerald R. Pullen, Portland, argued the cause and filed the brief for appellant—cross-respondent.

Patrick J. Furrer, Tigard, argued the cause and filed the brief for respondent—cross-appellant.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

RICHARDSON, J.

## RICHARDSON, J.

In this declaratory judgment action the court decreed that at the time of decedent's death he held a one-half interest in certain real property in constructive trust for plaintiff, his widow, and that she is the owner of one-half in common with the defendant who was awarded the property through decedent's will.

The facts are briefly summarized as follows. Decedent, Lewis Hurlbutt, died testate August 23, 1976, at age 67. His will left to the plaintiff, Esther Hurlbutt, his third wife, the family home and one contiguous acre valued at approximately $65,000, and the remainder, consisting primarily of 38 acres of orchard property valued at approximately $171,000, to his only son, Frank Hurlbutt. The orchard property is the subject of this appeal. Decedent purchased the property prior to his marriage to plaintiff and began cultivating it as an orchard. Decedent and plaintiff were married in 1964, when both were in their 50's. They had no children.

Decedent's will was admitted to probate. Plaintiff made a claim to the property during the probate proceedings. While that proceeding was pending she filed this declaratory judgment suit setting forth four causes of action as follows: (1) that she was a tenant in common with decedent, each owning one-half interest in the orchard property; (2) that defendant holds legal title to one-half interest in the property upon a *resulting trust;* (3) that plaintiff is entitled to damages equal to the value of one-half interest in the property based upon an oral agreement between decedent and plaintiff that they would share equally in the property; and (4) that she is entitled to restitution for services rendered and moneys advanced to decedent during his lifetime. The court sustained defendant's demurrer to the third and fourth causes of action. Plaintiff has not cross-appealed the sustaining of the demurrer.

On appeal defendant argues that the constructive trust theory first surfaced in the court's memorandum

[ 723 ]

opinion and the resulting decree. He contends such a theory was not pleaded and if the pleadings are construed to advance that theory the evidence does not establish a constructive trust. Plaintiff, on appeal, puts most of her eggs in the constructive trust basket woven by the trial court. She argues:

> "Although plaintiff and the defendants have used the term 'resulting trust' while the trial court has, correctly made reference to a 'constructive trust', it is evident that under the particular circumstances of this cause of suit, such labels do not affect either the merits or the substance of this case or its outcome. * * *"

We do not agree with this construction of the pleadings. Generally, trusts are classified as either express or implied. The latter rubric is further subdivided into resulting trusts and constructive trusts. *Shipe et al v. Hillman,* 206 Or 556, 562, 292 P2d 123 (1956). The elements of the two implied trusts are quite different.

■ A resulting trust is not established by virtue of any expressed agreement or contract. Rather it arises under the doctrine of presumed intent that the party who furnished the purchase price of a parcel of land contemplated that such property would inure to his own benefit and not that of the record title holder and that the title was taken in the name of another for some incidental purpose. *E.g. Hybertsen et al v. Oldright,* 221 Or 392, 394, 350 P2d 419 (1960); *Shipe et al v. Hillman,* 206 Or 556, 564, 292 P2d 123 (1956); *Rhodes v. Peery,* 142 Or 165, 172, 19 P2d 418 (1933); *Barnes v. Spencer,* 79 Or 205, 218, 153 P 47 (1916).

■ On the other hand, a constructive trust is one created when a person, through abuse of a fiduciary or confidential relation, or by bad faith, fraud, duress, concealment, undue influence or other unconscionable conduct, has obtained legal title to property and is unjustly enriched. *E.g. Albino v. Albino,* 279 Or 537, 550, 568 P2d 1344 (1977); *Marston v. Myers, et ux,* 217 Or 498, 509, 342 P2d 1111 (1959); *Shipe et al v. Hillman, supra* at 571; *Hughes v. Helzer,* 182 Or 205, 223, 185 P2d 537 (1947); *Holohan et al. v. McCarthy et*

*al.,* 130 Or 577, 588, 281 P 178 (1929); *Davis v. Howard,* 19 Or App 310, 313, 527 P2d 422 (1974).

The Oregon Supreme Court has long noted the marked distinction between these two implied trusts. *E.g., Shipe et al v. Hillman, supra* at 571; *Barger v. Barger,* 30 Or 268, 274, 47 P 702 (1897).

■ The trial court was in error in *sua sponte* opting for a constructive trust theory which was not pled. In law or equity, a decree or judgment must be responsive to the issues framed by the pleadings and a trial court has no authority to render a decision on issues not presented for determination. *Heintz v. Sinner et ux,* 232 Or 529, 533, 376 P2d 478 (1962); *Reed v. Hollister,* 106 Or 407, 415, 212 P 367 (1923). In absence of amendment of the pleadings, evidence received without objection will not provide a basis for such a decree. *Heintz v. Sinner et ux, supra* at 533; *Cole v. Fogel et al,* 210 Or 257, 264, 310 P2d 315 (1957). The trial court's findings herein which are outside the isssues tendered are a nullity. *Larsen v. Martin,* 172 Or 605, 611, 143 P2d 239 (1943); *State ex rel. Dean v. Dean,* 136 Or 694, 697, 300 P 1027, 86 ALR 79 (1931).

■ On *de novo* review we may properly consider the evidence to determine if it supports any properly pleaded cause which survived in the trial court; i.e., in this instance the first and second causes of action. In the first cause of action plaintiff alleges she was a tenant with decedent of the orchard property based upon a number of events respecting the property alleged to have occurred during decedent's lifetime. Tenancy in common describes the quality of the title of the co-ownership of property, ORS 93.180, it does not create title where none existed before. Plaintiff pleaded only a catalog of primary facts and not ultimate facts or legal theory which would substantiate a tenancy in common.

■ Although it is not entirely clear from plaintiff's responding brief, she apparently argues in the alternative that decedent orally promised to convey to her a

one-half interest in the orchard property and the court should specifically enforce this oral agreement. This is essentially the theory pleaded in the third cause of action which was stricken by the trial court when defendant's demurrer was allowed. Plaintiff specifically disclaimed any intent to pursue the third and fourth causes of action and we decline to consider them on appeal. *See Artman v. Ray,* 263 Or 529, 501 P2d 63, 502 P2d 1376 (1972).

■ The first cause of action does not plead any legal basis for awarding plaintiff a tenancy in common in the property. We can not construe that cause to plead a claim for specific enforcement of an oral agreement to convey a one-half interest in the orchard property to plaintiff.

■ The second cause of action properly pleaded the elements of a resulting trust. Plaintiff had abandoned that claim in deference to the trial court's conclusion that a constructive trust was created. The evidence does not substantiate a resulting trust.

In summary, we hold that the third and fourth causes of action are not before this court on appeal, that plaintiff has not pleaded a cause for specific performance or an oral agreement to convey her an interest in the property, that the second cause of action cannot be construed to allege a constructive trust, and that the decree of the trial court finding a constructive trust was not supported in the pleading.

Reversed and remanded for entry of a decree consistent with this opinion.