Argued and submitted April 8, affirmed as modified July 11, reconsideration denied August 17, petition for review denied September 18, 1984 (297 Or 824)

STATE OF OREGON,
*Respondent,*

*v.*

VERNON R. GRIFFIN,
*Appellant.*

(B 65-276; CA A29898)

684 P2d 32

Steve P. Chez, Eugene, argued the cause for appellant. With him on the brief were Chez & Carp, Eugene.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

NEWMAN, J.

Defendant appeals an amended judgment and order of probation following his conviction on two counts of cruelty to animals. ORS 167.850.[1] The complaint charged that between April 10, 1982, and May 30, 1983, defendant recklessly caused and allowed his dog to kill two cats. We modify the amended judgment and order and affirm it as modified.

Defendant assigns as errors that the trial court denied his motion to postpone the trial, overruled his objection to certain evidence and abused its discretion by the content of its answer to defendant's question during the prosecutor's closing argument. We find no merit in these assignments. Defendant, however, also assigns as error that the court imposed as condition 21 of his probation that defendant's dog "shall be held for three weeks by Lane County Animal Regulation authorities for adoption by qualified persons, after which time if no home is found, the dog shall be destroyed." Defendant argues that the court did not have statutory authority to order his dog forfeited without compensation. He relies on ORS 161.045(4), which provides that "no conviction of a person for an offense works a forfeiture of his property, except in cases where a forfeiture is expressly provided by law."

ORS 137.540 does not list any provision similar to condition 21 as a general condition of probation. It also does not specifically provide that the court may impose condition 21 as a special condition of probation.[2] ORS 609.990(2) does

---

[1]

ORS 167.850 provides:

"(1) A person commits the crime of cruelty to animals if, except as otherwise authorized by law, he intentionally or recklessly:

"(a) Subjects any animal under human custody or control to cruel mistreatment; or

"(b) Subjects any animal under his custody or control to cruel neglect; or

"(c) Kills without legal privilege any animal under the custody or control of another.

"(2) As used in this section, 'animal' includes birds.

"(3) Cruelty to animals is a Class B misdemeanor."

[2] ORS 167.862 had not been enacted when defendant committed the acts for which he was convicted. It provides for forfeiture of the *abused* animal:

provide that, if a dog has been repeatedly found to be a public nuisance under ORS 609.095, the court may order such disposition of the animal as the court considers necessary for the safety or health of the public.[3] The state, however, did not seek a finding under ORS 609.095 that defendant's dog was a public nuisance and an order of disposition under ORS 609.990(2). The trial court erred in ordering forfeiture of defendant's dog as a condition of probation.[4]

---

"(1) In addition to and not in lieu of any other sentence it may impose, a court may require a defendant convicted under ORS 167.850 or 167.860 to forfeit any rights of the defendant in the animal, and to repay the reasonable costs incurred by any person or agency prior to judgment in caring for each animal subjected to cruel treatment.

"(2) When the court orders the defendant's rights in the animal to be forfeited, the court may further order that those rights be given over to an appropriate person or agency demonstrating a willingness to accept and care for the animal or to the county or an appropriate animal care agency for further disposition in accordance with accepted practices for humane treatment of animals. This subsection shall not constitute or authorize any limitation upon the right of the person or agency to whom rights are granted to resell or otherwise make disposition of the animal. A transfer of rights under this subsection constitutes a transfer of ownership." Or Laws 1983, ch 648, § 1.

[3] ORS 609.095 provides:

"(1) A dog is a public nuisance if it:

"* * * * *

"(c) Damages or destroys property of persons other than the owner of the dog;

"* * * * *

"(2) The owner or keeper of a dog in a county subject to ORS 609.010 to 609.190 shall not allow his dog to be a public nuisance under subsection (1) of this section.

"(3) Any person who has cause to believe a dog is being maintained as a public nuisance may complain, either orally or in writing, to the county. The complaint shall be considered sufficient cause for the county to investigate the matter and determine if the owner or keeper of the dog is in violation of subsection (2) of this section."

ORS 609.990(2) provides:

"Violation of ORS 609.095(2) is punishable by a fine of not more than $25 for the first violation, or not more than $50 for each additional violation occurring within six months of the first violation. In addition to any fines, if a dog has been repeatedly found to be a public nuisance under ORS 609.095, the court may order such disposition of the dog as the court considers necessary for the safety or health of the public."

[4] The dog cannot be returned to defendant, because it was killed by a car while escaping from the pound.

Amended judgment and order of probation modified to strike condition 21; affirmed as modified.