Argued and submitted May 22, affirmed as modified August 14, 1985

## STATE OF OREGON,
*Respondent,*

*v.*

## HAZEL MAE GAMMOND,
*Appellant.*

(36113; CA A32626)

704 P2d 1154

Thomas J. Crabtree, Bend, argued the cause and filed the brief for appellant.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Salem, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant pled guilty to the misdemeanor of negotiating a bad check. ORS 165.065. Imposition of sentence was suspended and she was placed on probation for five years on the condition that she obtain a loan against her house within six months in order to pay restitution of $3,880.95 for 29 bad checks. Although she accepts the condition that she pay restitution, she contends that the trial court erred in specifically directing her to borrow money against her house in order to satisfy that condition. We agree and modify the order.

The general rule is that a condition of probation that is not related to the offense or which does not promote safety or rehabilitation is not permitted. *State v. Jacobs,* 71 Or app 560, 692 P2d 1387 (1984); *see also State v. Martin,* 282 Or 583, 580 P2d 536 (1978). Here, there can be no dispute that restitution is appropriate. It was also proper for the sentencing judge to consider that defendant had a substantial equity in her house when he fashioned the restitution order. Under the pertinent portion of the restitution statute, ORS 137.106(2)(a), the trial court is required to consider

"[t]he financial resources of the defendant and the burden that payment of restitution will impose, with due regard to the other obligations of the defendant."

Moreover, given defendant's apparent ability to pay, it was reasonable to impose a six-month deadline for her to complete restitution. *See* ORS 137.106(2)(b). In the light of her equity in the house, her failure to make restitution in six months could certainly constitute a probation violation.

However, *requiring* her to satisfy the order by borrowing against her house from a third party, who is obviously outside the jurisdiction of the court, was not proper. That condition is not "related to the offense" she committed and does not "promote safety or rehabilitation." Accordingly, we modify the restitution order to delete the requirement that she borrow money against her house.

Restitution order modified to delete provision that defendant obtain loan against her house; affirmed in all other respects.