Argued and submitted July 24, reversed and remanded September 9, 1987

JENSEN,
*Respondent,*

*v.*

GLANZ,
*Defendant,*

*and*

METROPOLITAN DISPOSAL
CORPORATION,
*Appellant.*

(A8510-06692; CA A41717)

742 P2d 70

Claudia Michelle Larkins, Portland, argued the cause for appellant. With her on the briefs was Ragen, Tremaine, Krieger, Schmeer & Neill, Portland.

Dennis M. Odman, Portland, argued the cause for respondent. With him on the brief was Fellows, McCarthy, Friedman & Odman, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff brought this action to recover a portion of the proceeds of a note paid by defendant Metropolitan Disposal Corporation (MDC) to defendant Glanz. MDC appeals from a summary judgment for plaintiff and from the denial of its motion for summary judgment. We reverse.

In 1976, MDC issued its promissory note payable to Glanz. In 1977, Glanz and plaintiff were divorced. Their dissolution decree awarded plaintiff a one-half interest in the proceeds of the note and ordered that an escrow account be opened to receive the payments and distribute the proceeds equally. Plaintiff notified MDC of her interest in the note's proceeds and of the existence of the escrow account. Thereafter, MDC paid the monthly amounts directly into escrow. In 1985, Glanz offered to discount the note if MDC would immediately pay the discounted amount. MDC accepted, and it paid the discounted amount directly to Glanz.

Plaintiff sued Glanz and MDC, contending that she was entitled to one-half of the proceeds of the original note. Her second amended complaint contained two claims for relief, although neither was specifically titled. MDC considered the first claim to be on the note and defended by asserting that its payment to Glanz complied with ORS 73.6030 and that, therefore, it was discharged of any liability to Glanz or plaintiff. The trial court held that ORS 73.6030 was inapplicable. It granted plaintiff summary judgment on a tort theory of intentional interference with a business relationship.[1]

MDC contends that the trial court erred in granting summary judgment on a theory not raised by the parties. Plaintiff responds that the court could properly hold for her on the interference theory, because her complaint contained sufficient allegations to establish each element of that tort. We do not agree that the complaint can be construed to plead intentional interference with a business relationship.

---

[1] The second claim, which alleged that MDC was negligent in its conduct towards plaintiff, was added by amendment after the parties made their motions for summary judgment. None of the materials supporting the motions specifically addressed the negligence claim. The court ruled that summary judgment was inappropriate on the negligence claim. The negligence claim is unaffected by our disposition of the appeal and survives for consideration on remand.

Aside from stating the facts, the complaint alleges, in part:

"10.   Defendant Metropolitan Disposal Corporation knew of the plaintiff's interest in the promissory note and negotiated a discount of the note without the knowledge or consent of the plaintiff, and defendant Metropolitan Disposal Corporation further caused a cashiers check to be issued payable to defendant Richard Glanz alone, and not jointly with the plaintiff even though Metropolitan Disposal Corporation knew that plaintiff was entitled to one-half the proceeds from the promissory note.

"11.   The promissory note provides that in the event an action is instituted to collect the promissory note or any portion thereof, Metropolitan Disposal Corporation promises to pay such additional sums as the court may adjudge reasonable as attorneys fees in such action."

That language states a claim for relief based only on MDC's obligations under the note. The trial court erred in *sua sponte* ruling on a theory that was not pled. A trial court has no authority to render a decision on issues not presented for determination. Its judgment must be responsive to the issues framed by the pleadings. *Hurlbutt v. Hurlbutt,* 36 Or App 721, 725, 585 P2d 724, *rev den* 285 Or 73.[2]

MDC next assigns error to the trial court's denial of its motion for summary judgment. When both parties have shown that no issues of material fact exist on their cross-motions for summary judgment, we can review both the granting and denial of summary judgment. *Cochran v. Connell,* 53 Or App 933, 938-939, 632 P2d 1385, *rev den* 292 Or 109 (1981). Here, our review of the denial of MDC's motion would be inappropriate, because resolution of the issue would result in adjudication of only a portion of the issues in the case. Moreover, because a remand is necessary, we cannot be sure that the issues will remain in their present posture in any subsequent proceedings. *See Doolittle v. L. E. Wallman Co.,* 85 Or App 601, 606, 738 P2d 200 (1987).

Reversed and remanded.

---

[2] The court must have the opportunity to hear the issues fully contested. When the issues have been framed through cross-motions for summary judgment, resort to an unpled theory not only denies the parties the opportunity to make their legal arguments, it also precludes them from raising issues of fact pertinent to the new theory.