Argued and submitted March 25, convictions affirmed and remanded for resentencing with instructions October 5, reconsideration denied December 23, 1988, petition for review denied April 4, 1989 (307 Or 611)

# STATE OF OREGON,
*Respondent,*

*v.*

# EDWARD ALAN WILLS, JR.,
*Appellant.*

(85-03-31133; CA A43558)

761 P2d 1365

Clint A. Lonergan, Portland, argued the cause for appellant. With him on the brief was Richard L. Lonergan, Portland.

Leslie Jo Westphal, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Rossman, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of rape I, sodomy I and sexual abuse I. ORS 163.375; ORS 163.405; ORS 163.425. We affirm the convictions but remand with instructions to vacate the portion of the judgment purporting to impose a forfeiture of his assets.

In addition to imposing a compensatory fine, *see* ORS 137.101, the court ordered that defendant forfeit "any assets" to pay it. Defendant did not object to either the fine or the forfeiture. The statute authorizes a compensatory fine. Without an objection having been made to the fine, there is nothing to review. However, an objection is not required in order to challenge a sentence which exceeds the court's authority, as did the forefeiture. *State v. Braughton,* 28 Or App 891, 893, 561 P2d 1040 (1977).

ORS 161.045(4) provides:

"No conviction of a person for an offense works a forfeiture of the property of the person, except in cases where a forfeiture is expressly provided by law."

We have found no statute authorizing forfeiture of property under the circumstances, and neither party has directed our attention to one. The trial court had no forfeiture authority, and that portion of the order cannot stand. *See State v. Gammond,* 75 Or App 27, 29, 704 P2d 1154 (1985).

Defendant's other assignment of error is without merit.

Convictions affirmed; remanded for resentencing with instructions to vacate the forfeiture.