Argued and submitted December 21, 1990, conviction affirmed; remanded for
resentencing February 27, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## VINCENT ADAM MONTGOMERY,
*Appellant.*

(89CR0771; CA A62371)

806 P2d 183

Mary M. Reese, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Vera Langer, Assistant Attorney General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Defendant was convicted of two counts of theft in the first degree. ORS 164.055. At sentencing, the trial court ordered him to pay costs, attorney fees and restitution and to sell his car to satisfy those obligations. He did not object to the court's order. We affirm the conviction but remand for resentencing.

Defendant argues that there is no statutory authority for the trial court to require him to sell assets to meet the financial obligations imposed by the judgment. The state concedes that the trial court erred in ordering defendant to sell his car, because the car had not been used in any manner related to the offense for which he was convicted. *See State v. Gammond,* 75 Or App 27, 29, 704 P2d 1154 (1985). However, it argues that we should not consider defendant's contentions on appeal, because he failed to preserve the error. *State v. Carpenter,* 101 Or App 489, 791 P2d 145, *rev den* 310 Or 393 (1990). Defendant responds that we can consider the error, because the trial court's lack of authority to make the order is apparent on the face of the record. ORAP 5.45(2); *State v. Brown,* 310 Or 347, 800 P2d 259 (1990); *State v. Wills,* 93 Or App 322, 323, 761 P2d 1365 (1988), *rev den* 307 Or 611 (1989); *State v. Braughton,* 28 Or App 891, 893, 561 P2d 1040 (1977).

We agree that the trial court had no authority to order defendant to sell his car. *See State v. Gammond, supra.* That error is apparent on the face of the record and needs to be corrected. *State v. Brown, supra.* The state agrees that, if we reach the issue, the case should be remanded for resentencing.

Conviction affirmed; remanded for resentencing.