Argued and submitted April 10, award of money damages vacated; otherwise
affirmed December 4, 1991

# CHERYL WILCOX PROPERTY
# MANAGEMENT,
*Respondent,*

*v.*

# Art and Debra APPEL,
*Appellants.*

## (90-6516; CA A66628)

821 P2d 428

Jean Wagner, Oregon City, argued the cause for appellants. On the brief was David W. Nebel, Oregon Legal Services, Oregon City.

No appearance for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

Warren, P. J., dissenting.

## RIGGS, J.

In this forcible entry and detainer action, defendants appeal from a judgment for plaintiff. They assign error to the trial court's award of damages under ORS 90.900(3).[1] We vacate the award.

Defendants rented property from plaintiff for $500 per month under a month-to-month agreement. On July 5, 1990, plaintiff mailed defendants a 30-day notice to terminate the tenancy on August 8, 1990. Defendants did not move out. On August 9, plaintiff filed this action. The complaint alleged that "plaintiff is entitled to possession of the premises because: 30-day notice (month-to-month tenancy)" and prayed "for possession of the premises and costs and disbursements herein."

Both parties were unrepresented at the August 17 hearing. The property manager for plaintiff told the court that the property had been on the market since the tenancy began, that it had recently been sold and that she was evicting defendants because the buyer wanted possession. Defendants told the court that their efforts in negotiating with plaintiff to gain time to move had been unsuccessful and that they intended to file an answer raising a defense of retaliation based on complaints about habitability. The court told defendants, "[Y]ou've gotten your 30-day notice, and so you're going to have to move." When defendants kept insisting that the eviction was retaliatory, the court said:

"The situation is this * * *. You can file an answer and we'll set up a trial. If you do not prevail at trial, and you've indicated nothing thus far that indicates that you would prevail, you'll be required to pay the costs to the plaintiff involved. If it is found that you have been withholding the premises in bad faith, and you've told me now that you need more time, essentially that has been the problem, and if that is in fact the problem that is withholding in bad faith. You

[1] ORS 90.900(3) provides:

"If the tenant remains in possession without the landlord's consent after expiration of the term of the rental agreement or its termination, the landlord may bring an action for possession and if the tenant's holdover is wilful and not in good faith the landlord may also recover not more than two months' periodic rent or twice the actual damages sustained by the landlord, whichever is greater. If the landlord consents to the tenant's continued occupancy, ORS 90.240(4) applies."

don't have any legal basis to do that. Then you are * * * subject to a kind of penalty for that kind of bad faith withholding of the premises, in an amount of two months' rent."

Defendants then filed an answer *pro se*. Neither party was represented by counsel at the trial on August 22. Plaintiff's property manager testified that she had repeatedly turned down defendants' requests for additional time to move and that she believed that they had filed the answer simply to gain more time. Defendants testified about various habitability problems that they believed formed a basis for a defense of retaliation. The court concluded that the habitability complaints were irrelevant to the 30-day notice and entered judgment in favor of plaintiff, ordering restitution of the premises plus costs and disbursements. The court also found

"that defendants' holding over was in bad faith and further judgment will be entered in against defendants under ORS 90.900. I could make it in the sum of $1,000, two months' rent, but I think under the circumstances here rather [than] to create any further hardship on your children just because of your own intransigence here, I will enter judgment in the sum of $500."

The judgment said: "Def holding over was in bad faith-judgment entered against the Def under ORS 90.900 $500."

■　　Defendants argue, on the basis of supposed common law, that the trial court erred in *sua sponte* awarding damages, because plaintiff did not plead that claim for relief.[2] Defendants did not object to the imposition of damages, and the issue was not properly preserved. However, the trial court's lack of authority to enter a judgment for money damages in the absence of any claim for that relief is an error of law apparent on the face of the record that we may consider. *See State v. Montgomery*, 106 Or App 150, 152, 806 P2d 183 (1991); *State v. Braughton*, 28 Or App 891, 893, 561 P2d 1040 (1977); ORAP 5.45(2).

■　　Although defendants do not cite the Oregon Rules of Civil Procedure, they are determinative. ORCP 18A(2) requires that every pleading asserting a claim for relief shall contain

---

[2] Plaintiff did not file a brief in this court.

"[a] demand of the relief which the party claims; if recovery of money or damages is demanded, the amount thereof shall be stated * * *."

Ordinarily, a judgment must be responsive to the issues framed by the pleadings, and a trial court usually has no authority to render a decision on an issue not presented for determination. *Heintz v. Sinner et ux.*, 232 Or 529, 533, 376 P2d 478 (1962); *Cole v. Fogel et al*, 210 Or 257, 264, 310 P2d 315 (1957); *Jensen v. Glanz*, 87 Or App 332, 335, 742 P2d 70 (1987) (*citing Hurlbutt v. Hurlbutt*, 36 Or App 721, 725, 585 P2d 724, *rev den* 285 Or 73 (1979)). However, under ORCP 23B, the parties can try issues not raised in the pleadings by "implied consent," and a failure to amend the pleadings formally "does not affect the result of the trial of these issues." ORCB 23B does not help plaintiff here, because of the more specific rules about pleading claims for money damages. Under ORCP 67C, a judgment is not limited in kind or amount by the demand but "shall grant the relief to which the party in whose favor it is rendered is entitled, even if such relief has not been demanded in the pleadings * * *." ORCP 67C. If, however, "a demand for judgment is for a stated amount of money as damages, any judgment for money damages *shall not exceed that amount.*" ORCP 67C(2). (Emphasis supplied.)

The pleadings lack any allegations that would support a claim for damages based on a wilful holdover in bad faith, and there is no prayer for money damages. Because plaintiff made no claim or demand for money damages in the pleadings, under ORCP 67C(2) it is not entitled to a judgment granting that relief.

Defendants' other assignments of error are moot.

Award of money damages vacated; otherwise affirmed.

**WARREN, P. J.,** dissenting.

Defendants did not object to the imposition of damages at trial, and we should not consider their argument on appeal. Accordingly, I dissent.

ORAP 5.45(2) provides:

"No matter assigned as error will be considered on appeal unless it was preserved in the lower court and assigned as error in the party's opening brief; provided that the appellate court may consider errors of law apparent on the face of the record."

The interests of justice are not served by allowing parties to prolong litigation by appealing based on errors that, if raised below, could have been corrected.[1] This case is a perfect example of the type of error that easily could have been resolved if it had been brought to the court's attention.

The error did not prejudice defendants or result in an injustice that we should review in the absence of an objection. Before they answered, defendants were made aware by the trial judge that a finding of bad faith would result in a "penalty." They were not prejudiced by lack of notice.

The majority cites two criminal cases for the proposition that we may review, without preservation, a money judgment when the trial court lacked authority to enter it: *State v. Montgomery*, 106 Or App 150, 806 P2d 183 (1991); *State v. Braughton*, 28 Or App 891, 561 P2d 1040 (1977). The errors in those cases were qualitatively different from the one here. The courts in *Montgomery* and *Braughton* had no authority to enter the particular judgments. For example, in *Montgomery*, the court ordered the defendant to sell his car to pay costs, attorney fees and restitution. We reached the unpreserved error, because the court had no statutory authority to make such an order. Here, however, defendants do not dispute that ORS 90.900(3) gives a court in a FED action authority to impose damages on tenants who wilfully holdover. The court found a wilful holdover and there was evidence to support that finding. The only error was in failing to make sure all the pleading requirements for the order were satisfied. The error in this case is not the kind that we should review when it has not been preserved.

I dissent.

---

[1] The majority implies that we ought to be more lenient, because defendants were not represented below. That is not correct. The same rules apply whether or not a person is represented by counsel. *See Linebaugh v. Helvig*, 47 Or App 679, 682, 615 P2d 366 (1980).