Argued and submitted June 8, reversed and remanded for resentencing; otherwise affirmed December 7, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GLEN CARL OLSON,
*Defendant-Appellant.*

Lincoln County Circuit Court
084673; A142327

268 P3d 679

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Justice J. Rillera, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Brewer, Chief Judge, and Gillette, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment convicting him of criminal trespass in the second degree, ORS 164.245, and violating a court's stalking protective order, ORS 163.750. On appeal, he challenges his convictions and one of the conditions imposed as part of his probation sentence. We affirm defendant's convictions without discussion and write only to address the sentencing issue.

In April 2008, the Lincoln County Circuit Court issued a stalking protective order prohibiting defendant from specified contact with a high school student, B. The prohibited contact included waiting outside the school of a member of B's immediate family. In October 2008, defendant went to the high school at which B's sister, M, was a student and took pictures of M. Defendant was then convicted of violating the stalking protective order and trespass, and sentenced to 90 days' probation. As a condition of probation, the trial court ordered that defendant forfeit the camera that he used to take the pictures.

ORS 161.045(4) provides, "No conviction of a person for an offense works a forfeiture of the property of the person, except in cases where a forfeiture is expressly provided by law." Defendant argues that no statute expressly provides for forfeiture in these circumstances. In response, the state observes that ORS 137.540(2) authorizes trial courts to impose special conditions of probation "that are reasonably related to the crime of conviction or the needs of the probationer" and contends that the forfeiture of the camera with which defendant took the pictures is—"arguably"—reasonably related to the crime of conviction.

We are not persuaded that ORS 137.540(2) expressly provides for forfeiture in these circumstances, and we find no other statute that does so. *See also State v. Griffin,* 69 Or App 199, 201-02, 684 P2d 32, *rev den,* 297 Or 824 (1984) (ORS 137.540(2) (1983), which allowed for special conditions of probation "for the protection of the public or reformation of the offender," did not allow forfeiture as a condition of probation); *State v. Wills,* 93 Or App 322, 323, 761 P2d 1365 (1988), *rev den,* 307 Or 611 (1989) (finding no statute

authorizing forfeiture as a condition of probation). The trial court erred in ordering the forfeiture of the camera with which defendant took the pictures as a condition of defendant's probation.

Reversed and remanded for resentencing; otherwise affirmed.