STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEFFREY DAVID MILLER,
*Defendant-Appellant.*

Jackson County Circuit Court
110849FE; A148376

325 P3d 787

Peter Gartlan, Chief Defender, and Kali Montague, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Justice J. Rillera, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

This case concerns a condition of probation involving the forfeiture of gold seized from defendant. On appeal, defendant asserts that the court erroneously ordered the probation condition, which the state concedes. Defendant also contends that he is entitled to the return of the gold, but the state asserts that we must remand for resentencing without reaching the issue whether defendant is the rightful owner of the gold. We agree with the parties that the trial court erred by ordering forfeiture as a special condition of probation. Accordingly, we reverse and remand with instructions to delete the forfeiture condition from the sentencing judgment, and otherwise affirm.

Defendant pleaded guilty to unlawful possession of methamphetamine, ORS 475.894. At the plea and sentencing hearing, the prosecutor argued that the court should order forfeiture of 18 gold discs and a digital scale previously seized from defendant in February 2010. Nothing in the record tied the gold to defendant's commission of the crime of unlawful methamphetamine possession.

The trial court sentenced defendant to probation and, over defendant's objection, ordered, as a special condition of probation, the forfeiture of the gold and the scale. The 18 gold discs weigh almost 900 grams in total, and defendant explained to the court that the gold was worth from $15,000 to $20,000.

Although defendant no longer seeks the scale, he has persisted in seeking the gold. In 2010, defendant filed a motion for return of the gold from the City of Medford and the state under ORS 133.633(1)(a) in a separately filed case. The circuit court denied relief and entered a judgment of dismissal. *See* ORS 133.663(3) (permitting a court to "leave the several claimants to appropriate civil process for the determination of the claims"). The court's judgment in that case stated that "[i]t will be for some subsequent proceeding or proceedings to make a further determination of ownership, but on this record ownership is not established [by] either the petitioner Jeffrey David Miller or [by] Medford Pawn[,]" and we affirmed that judgment without issuing an

opinion. *Miller v. City of Medford*, 248 Or App 262, 274 P3d 896 (2012).

In this case, defendant first asserts that the order of forfeiture was improper because he was unable to admit or deny that the property was subject to forfeiture and to review and to rebut evidence, if any, that the state might offer to show that the property constituted proceeds or instrumentalities of possession of methamphetamine. *See* ORS 131.558(10) (providing for criminal forfeiture of personal property that is used for prohibited conduct or so intended to be used). Moreover, he argues, the trial court had no basis to find that the property was an instrumentality or proceeds of possession of methamphetamine given that the prosecutor had not presented evidence to support that conclusion.

In response, the state correctly concedes that the trial court erred by ordering a forfeiture of the gold as a condition of defendant's probation. Under ORS 161.045(4), "[n]o conviction of a person for an offense works a forfeiture of the property of the person, except in cases where a forfeiture is expressly provided by law." Although ORS 137.540(2) allows a court to impose special conditions of probation "that are reasonably related to the crime of conviction or the needs of the probationer for the protection of the public or reformation of the probationer," that statute does not authorize a court to impose forfeiture as a condition of probation. *State v. Olson*, 246 Or App 785, 786, 268 P3d 679 (2011), *rev den*, 352 Or 265 (2012); *see also State v. Wills*, 93 Or App 322, 323, 761 P2d 1365 (1988), *rev den*, 307 Or 611 (1989) (finding no statute authorizing forfeiture as a condition of probation).

As for the state's contention that our disposition must be a remand of the case for resentencing, the state offers no supporting argument, except to note our decision in *Miller*. Defendant asserts, in a reply brief, that our disposition should include an instruction to the trial court to order return of the gold to defendant or, alternatively, a remand to the trial court "to allow it to reconcile the two judgments" in that case and in this one. Noting that the trial court's judgment in *Miller* was inconclusive as to the rightful owner of

the gold and instead concluded that other proceedings were necessary "to make a further determination of ownership" of the gold, defendant argues that the judgment in *Miller* does not preclude an order in this case to return the gold to defendant. And, defendant further reasons that we should direct the trial court to order the return of the gold to him because the record in this case does not establish that the gold qualified as property that could be seized under the forfeiture laws.

We conclude that the proper disposition is to eliminate the forfeiture condition in the sentencing judgment and otherwise affirm. Based on the fact that defendant's probation has expired, we decline the state's invitation to remand for resentencing.[1] At the same time, however, because it may be relevant to any further civil proceedings related to ownership of the gold, such as an action for conversion, we note that the state does not argue, and we do not hold, that expiration of defendant's probation renders the dispute over ownership of the gold discs moot or otherwise resolves that issue. We also reject defendant's request that we order the trial court to return the discs (or the proceeds from the sale thereof), because the ownership of the gold has not been determined. And, we reject defendant's alternative proposed disposition, namely, a remand to the sentencing court to determine rightful ownership of the gold. Such an order would be inappropriate given the scope of the underlying sentencing proceeding.

---

[1] We note that the expiration of defendant's probation does not render this appeal moot. It is true that, absent the existence of collateral consequences, an appeal of special probation conditions is moot once the probation expires. *E.g.*, *State v. Fries*, 212 Or App 220, 230, 158 P3d 10 (2007), *aff'd*, 344 Or 541, 185 P3d 453 (2008). However, given defendant's continuing claim to the forfeited property, his ongoing efforts to retrieve it, and the potential effect of this appeal on those efforts, there are sufficient collateral consequences to this appeal that render it justiciable. *See Brumnett v. PSRB*, 315 Or 402, 405, 848 P2d 1194 (1993) (holding that a case is not moot if a decision "in the matter will have some practical effect on the rights of the parties to the controversy"); *see also State v. Blanchard*, 236 Or App 472, 475, 236 P3d 845 (2010) (rejecting the state's motion to dismiss as moot the defendant's appeal of probation revocation and sanction, even though the defendant completed the imposed sanction, because the state continued to assess supervision charges against the defendant for the period of post-prison supervision imposed as a result of the revocation, and "[t]hat potential economic liability demonstrates that the parties continue to be adverse and that a decision on the merits will have some practical effect on the rights of the parties").

Reversed and remanded with instructions to delete special probation condition requiring forfeiture of gold discs; otherwise affirmed.