Submitted May 31, 2019, on respondent's amended motion to dismiss filed August 20; appeal dismissed September 18, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT R. GENTLE,
*Defendant-Appellant.*

Lake County Circuit Court
17CR84978; A166969

450 P3d 507

Robert F. Nichols, Jr, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

PER CURIAM

Appeal dismissed.

**PER CURIAM**

Defendant appeals a judgment in which the court imposed a sentence of probation. He assigns error to six special conditions of probation, contending that the sentencing court erred by imposing the conditions because they were not announced in defendant's presence before they appeared in the judgment. We dismiss the appeal as moot.

While this appeal was pending, defendant's 18-month probation term expired. We asked the parties to notify this court of their positions on whether the appeal should be dismissed as moot. Defendant responded that four of his six assignments of error "are probably moot" due to the expiration of his term of probation, but that his first two assignments of error had not become moot because the challenged judgment provisions could have collateral effects. The state contends that the appeal is moot, and it moves to dismiss the appeal under ORAP 8.45.

Defendant's first two assignments of error challenge the following provisions of the judgment, which are identified as special conditions of probation:

"Defendant shall:

"* * * * *

"Defendant stipulates [*sic*] to pay restitution to all victims.

"Stipulate to destruction or forfeiture of any seized property."

Defendant argues that, "[b]ecause the judgment states that defendant stipulates to restitution and to destruction or forfeiture of any seized property, it will adversely affect defendant should the victim file a civil tort claim against him or [should] defendant file a civil claim for return of the seized property."[1] He contends that "the presumption would

_____

[1] The phrasing of the first provision could resemble a factual finding—a construction which defendant's argument seems to require—but we construe it, consistently with its inclusion in a list expressly identified as special conditions of probation, as a probation condition. Our construction matches the way that defendant identified this term in his first assignment of error in his opening brief. He referred to it as a probation condition requiring him to "'stipulate[] to pay restitution to all victims.'" (Alteration in defendant's brief.)

be that defendant did, in fact, stipulate in open court to pay restitution and to forfeit his rights to any seized property," and that, therefore, his first two assignments of error are not moot. The state argues that the judgment provisions at issue are all probation conditions that have no prospective application now that the probation term has expired.

We agree with the state. The judgment that defendant appeals did not impose any restitution, and defendant does not contend that any restitution proceeding has occurred in which he was required by the conditions of his probation to stipulate to the restitution. Similarly, defendant does not contend that any of his property has been seized, nor that he was required, during the term of his probation, to stipulate to the destruction of that property, or to forfeit any property. As conditions of a now-expired term of probation, the terms have no further, prospective effect. *State v. Miller*, 262 Or App 537, 541 n 1, 325 P3d 787 (2014). We therefore grant the state's motion to dismiss.

Appeal dismissed.