Argued and submitted June 11, reversed and
remanded with instructions September 12, 1984

## CITY OF PORTLAND,
*Plaintiff,*

*v.*

## HESPE et al,
*Respondents,*
## COREY,
*Appellant.*

(A8210-06580; CA A28681)

687 P2d 804

Norman F. Webb, Salem, argued the cause for appellant.
With him on the brief was Webb & Martinis, Salem.

Norman N. Griffith, Portland, waived appearance for respondents Geneva S. Hespe, James T. Stanton, Bethel M. Dugan, Marian J. Jones and Claudine M. Symank.

Joyce M. Bernheim, Portland, waived appearance for respondents Larry D. Klaas and Jacqueline C. Klaas and David B. Hummon and Nannette H. Hummon.

No appearance for respondents Libus Investments and Jack W. Morris and Ann G. Morris.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant Corey is the contract vendee of some estate. Her suit to foreclose the interest of subsequent contract vendees was consolidated with the City of Portland's action to declare the buildings on the property a public nuisance and to abate the nuisance by demolition. The trial court granted Corey strict foreclosure and declared that the structures on the property are a public nuisance and ordered that the city could abate the nuisance by demolition if Corey did not perform certain acts, including "pay[ing] off the original contract vendors in full on the land sale contract between them; or in the alternative, mak[ing] other arrangements satisfactory as between these parties." Corey appeals that part of the judgment, contending that the court improperly granted relief outside the scope of the pleadings. *See, e.g., Hurlbutt v. Hurlbutt,* 36 Or App 721, 585 P2d 724 (1978), *rev den* 285 Or 73 (1979).

■■ Defendants Hespe, et al, Corey's contract vendors, filed no cross-claim against Corey. Their answer to the city's complaint merely contended that they were not "owners" subject to the nuisance abatement proceeding and asked that the complaint be dismissed and for such "other and further relief as the Court may deem just and proper." Although under ORCP 67C a court is empowered under certain circumstances to grant relief not demanded in the pleadings, the rule does not extend the court's authority to grant relief on a cross-claim which was never pleaded.

There is no appearance by any respondent, and defendant Corey has not designated the trial transcript as part of the record on appeal. We are thus unaware of what may have occurred at trial. However, even assuming that events could have occurred at trial which would render the court's judgment proper, no respondent has appeared to suggest such an occurrence.

Reversed and remanded with instructions to delete from the judgment the condition that Corey pay off her contract vendors; otherwise affirmed.