Argued and submitted May 30, 1986, resubmitted In Banc February 4, affirmed as
modified April 15, 1987

# DRY CANYON FARMS, INC.,
*Respondent,*

*v.*

# UNITED STATES
# NATIONAL BANK OF OREGON,
*Respondent,*

*and*

# FULL CIRCLE, INC.,
*Appellant.*

(32709; CA A36147)

735 P2d 620

Douglas A. Shepard, Madras, argued the cause for appellant. On the briefs were James W. Laws and Shepard & Laws, Madras.

Terrence B. O'Sullivan, Bend, argued the cause for respondent Dry Canyon Farms, Inc. With him on the brief was Merrill and O'Sullivan, Bend.

No appearance for respondent United States National Bank of Oregon.

WARREN, J.

Newman, J., not participating.

Buttler, J., dissenting.

## WARREN, J.

Plaintiff brought this declaratory judgment action to establish the validity and enforceability of defendant United States National Bank's (Bank) security interest in $80,144 in cash proceeds from plaintiff's 1981 seed crop that had been in the possession of defendant Full Circle, Inc. (defendant). Defendant asserted that it was entitled to the money; in the alternative, it counterclaimed for a judgment against plaintiff in the amount of those proceeds. In a cross-claim, it sought to be subrogated to Bank's security interest and personal guarantees. The trial court held that Bank has a security interest in the money as the proceeds from collateral, awarded Bank a money judgment against defendant in the sum of $80,144, plus prejudgment interest, awarded defendant a money judgment against plaintiff in the same sum, denied defendant's subrogation claim and awarded costs and disbursements to plaintiff. Defendant appeals. We vacate the award of damages and prejudgment interest to Bank and the award of damages to defendant. We affirm in all other respects.

Plaintiff is a corporation engaged in farming. On January 14, 1981, in order to secure financing for its 1981 operating expenses, it granted Bank a security interest in its crops (growing or to be grown within two years), livestock, equipment and supplies and any proceeds from the sale or other disposition of any of the described collateral. Bank perfected its security interest on January 21, 1981.

During 1981, plaintiff purchased, on credit, chemicals and fertilizer from defendant, a farm-supply company; by February, 1982, it owed defendant approximately $80,144. In order to satisfy that debt, plaintiff sold defendant quantities of white wheat, for which it received two checks totalling $59,754.98, both of which it endorsed and turned over to defendant for credit to its account. It also sold defendant merit bluegrass, in return for which it received a credit to its account of $20,390.68 and a check for $51,387.42, which it kept. This action was filed after Bank notified plaintiff that its security interest extended to the proceeds from those sales and that, under the terms of the security agreement executed by plaintiff, plaintiff was obligated to recover the cash proceeds in defendant's possession (the value of the two checks plaintiff had endorsed over to defendant for credit to its

account) and to deliver the proceeds to it.

■　　At the outset, we consider defendant's contention that the complaint fails to state facts sufficient to constitute a claim. A complaint for declaratory relief is legally sufficient if it alleges the existence of an actual controversy relating to the legal rights and duties of the parties, even if the plaintiff is not entitled to further relief. The question is whether a justiciable controversy exists. *Goose Hollow v. City of Portland,* 58 Or App 722, 650 P2d 135 (1982). In *Cummings Constr. v. School Dist. No. 9,* 242 Or 106, 110, 408 P2d 80 (1965), the court quoted with approval from *Portland Web Pressmen's Union v. Oregonian Pub. Co.,* 188 F Supp 859 (DC Or 1960), *aff'd* 286 F2d 4 (9th Cir), *cert den* 366 US 912 (1961):

> "'A justiciable controversy is distinguished from a difference or dispute of a hypothetical or abstract character; [*sic*] from one that is abstract or moot. The controversy must be definite and concrete, touching the legal relations of the parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" (Citations omitted.)

■　　Here, plaintiff alleged a legal duty owed to Bank to recover the proceeds that it had delivered to defendant. The security agreement, incorporated in the complaint, required plaintiff "to defend the collateral against the claims and demands of all persons." Plaintiff also alleged that Bank had a legal right to the possession of the proceeds pursuant to a perfected security interest. Defendant denied both allegations. The pleadings, therefore, evidence a concrete and definite controversy regarding the legal rights and duties of the parties. Accordingly, the trial court did not err in denying defendant's motion to dismiss for failure to state a claim.

On the merits, defendant first contends that the trial court erred in finding that the proceeds from plaintiff's crops that were sold in the ordinary course of business were subject to Bank's security interest.[1] It argues that, pursuant to ORS

---

[1] ORS 79.3060(1) provides, in part:

"'Proceeds' include whatever is received upon sale, exchange, collection or other disposition of collateral or proceeds. * * * Money, checks, deposit accounts, and the like are 'cash proceeds.' All other proceeds are noncash proceeds."

79.3060(2), Bank's security interest did not "continue" in the identified cash proceeds, because sales in the ordinary course were authorized by Bank.

ORS 79.3060(2) provides:

> "Except where ORS 79.1010 to 79.5070 otherwise provide, a security interest continues in collateral notwithstanding sale, exchange or other disposition thereof unless the disposition was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor."

Defendant misinterprets that statute to mean that a security interest continues in identifiable proceeds only if the sale or other disposition was not authorized by the secured party. It reasons that Bank consented to the sale of collateral in the ordinary course; therefore, its security interest in the collateral ceased when plaintiff sold the crops to defendant. So far, defendant's reasoning is correct. It does not follow, however, that Bank's security interest in the proceeds of the collateral ceased. Defendant's interpretation is contrary to the plain meaning of the statute, which clearly provides that the security interest continues in any identifiable proceeds, regardless of whether the sale was authorized by the secured party. *Baker Prod. Credit v. Long Cr. Meat,* 266 Or 643, 513 P2d 1129 (1973).

Defendant next contends that Bank waived whatever security interest it did have in the proceeds by failing to notify potential purchasers of plaintiff's crops that it intended to enforce its security interest and to request that it be named co-payee on checks issued in payment for the crops. However, the code imposes no such duties on secured parties, and there is no reason for us to do so here. In *Community Bank v. Jones,* 278 Or 647, 669, 566 P2d 470 (1977), the court said:

> "Where an agreement is clear upon its face, a court should be hesitant to infer waiver from the post-agreement conduct of the secured creditor."

Here, the security agreement expressly covered proceeds from the sale of plaintiff's crops. There is no evidence that Bank did anything that would constitute a waiver of that security interest.

Defendant also contends that, even if Bank's security interest did extend to the proceeds in defendant's possession,

the trial court erred in awarding Bank a money judgment under the pleadings. It points out that neither plaintiff nor Bank included in its prayer a demand for monetary relief. We agree and, therefore, delete from the judgment the award of damages to Bank.

The propriety of awarding relief to a defendant who has not filed a cross-claim was discussed in *City of Portland v. Hespe,* 69 Or App 663, 687 P2d 804 (1984). In that case, the city brought an action to declare that certain buildings were public nuisances and that the city could abate the nuisance by demolition. The defendants were Hespe, who was the vendor of the property, the vendee and several sub-vendees. The vendee had commenced a strict foreclosure action against her sub-vendees, and that action was consolidated with the city's action. The trial court granted the vendee strict foreclosure and declared that the structures were a public nuisance and could be demolished unless the vendee were to perform certain acts, including paying off Hespe. We reversed and remanded with instructions to delete from the judgment the condition that the vendee pay off Hespe, because Hespe had not cross-claimed for that relief. We stated:

> "Defendants Hespe, et al, Corey's contract vendors, filed no cross-claim against Corey. Their answer to the city's complaint merely contended that they were not 'owners' subject to the nuisance abatement proceeding and asked that the complaint be dismissed and for such 'other and further relief as the Court may deem just and proper.' Although under ORCP 67C a court is empowered under certain circumstances to grant relief not demanded in the pleadings, the rule does not extend the court's authority to grant relief on a cross-claim which was never pleaded." 69 Or App at 665.

The dissent argues that the money judgment in favor of Bank is proper, because this is a proceeding in equity and as such, the court may grant relief beyond that prayed for in the complaint.[2] That misses the mark. Whether a declaratory

---

[2] The dissent cites ORCP 67C(1) to illustrate "the authority of courts granting remedies in equity proceedings to fashion such relief as will best accomplish the ends of justice." 84 Or App at 694. That rule provides:

"Every judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if such relief has not been demanded in the pleadings, except:

"C(1) A judgment by default shall not be different in kind from or exceed in

judgment proceeding is legal or equitable depends upon the underlying nature of the case, including the relief requested. *North Pac. Ins. Co. v. Forest Indus. Ins. Exch.*, 280 Or 313, 317, 571 P2d 138 (1977); *Seal Rock Water Dist. v. City of Toledo*, 77 Or App 251, 255, 712 P2d 174 (1986). In this case, plaintiff requested the court to interpret the security agreement between it and Bank. Declaratory judgment proceedings requesting the construction of contracts are legal in nature. *C & B Livestock v. Johns*, 273 Or 6, 10, 539 P2d 645 (1975); *Seal Rock Water Dist. v. City of Toledo, supra*, 77 Or App at 255; *Weathers v. M. C. Lininger & Sons*, 68 Or App 30, 33, 682 P2d 770, *rev den* 297 Or 492 (1984).

■     Even if the dissent were correct in its characterization of this case, a court nevertheless may not grant money damages to a party who has requested no relief whatsoever. The fact that the Bank may later employ the declaration in this case to obtain a judgment in another proceeding does not change the rule. It was Bank's choice not to file a cross-claim. Accordingly, the judgment of $80,144 in favor of Bank and against defendant is deleted.[3] It is conceded that the trial court erred in awarding Bank prejudgment interest; it had not been pleaded. *See Booras v. Uyeda*, 295 Or 181, 187 n 3, 666 P2d 791 (1983). We vacate that portion of the judgment, as well. Because we delete the judgment in favor of Bank, defendant is not entitled to its judgment against plaintiff on its counterclaim for $80,144. Accordingly, that judgment is vacated.[4]

---

amount that prayed for in the demand for judgment. However, a default judgment granting equitable remedies may differ in kind from or exceed in amount that prayed for in the demand for judgment, provided that reasonable notice and opportunity to be heard are given to any party against whom the judgment is to be entered.

"C(2) Where a demand for judgment is for a stated amount of money as damages, any judgment for money damages shall not exceed that amount."

ORCP 67C(1) does not authorize a court to grant relief to a defendant who has not cross-claimed. *City of Portland v. Hespe*, 69 Or App 663, 665, 687 P2d 804 (1984). The statute merely allows the court in an equity case to grant a judgment that "may differ in kind from or exceed in amount *that prayed for* in the demand for judgment." (Emphasis supplied.) Bank, having made no demand for relief, cannot be granted relief. *See* ORCP 18. The case law cited by the dissent does not provide otherwise.

[3] Because we vacate the award of damages to Bank, we need not address defendant's assignment of error regarding subrogation and its argument concerning marshalling.

[4] Because we vacate the award of damages to defendant, its contention that the

Judgment modified to delete the award of damages and prejudgment interest to Bank and the award of damages to defendant; otherwise affirmed.

**BUTTLER, J.,** dissenting.

Although the majority has done a commendable job on the principal substantive questions presented, it detracts from that good work by undoing that of the trial judge in granting complete relief to all of the parties. As a result, further litigation between or among all of the parties will be necessary, taking more court time when the docket already is overcrowded, and will involve additional and completely unnecessary expense to the litigants and to the taxpayers.

Those unfortunate consequences flow from the majority's misconception of the nature of this action, which the majority says is to interpret the security agreement between plaintiff and Bank. Therefore, it concludes that the action is legal in nature. I do not question that the underlying nature of the case determines whether a declaratory judgment proceeding is legal or equitable in nature. *C & B Livestock v. Johns,* 273 Or 6, 539 P2d 645 (1975). However, it is clear that plaintiff did not bring this action to interpret its contract with Bank.

The dispute here is whether Bank had a security interest in the proceeds of collateral superior to the rights of defendant under Article 9 of the UCC, particularly ORS 79.3060(2). Defendant claimed that its rights were prior under the UCC, notwithstanding Bank's security interest. That is the principal question that the majority decides correctly. Plaintiff has no claim against defendant for the money; it does, however, have an obligation under the security agreement to defend the collateral against all claims and demands. It brought this action, not for a money judgment or for breach of contract or to interpret the security agreement, but for a declaration of rights to determine which of two creditors has priority in the proceeds of collateral. It could not have obtained that relief in an action at law. As the court stated in *Community Bank v. Jones, supra,* 278 Or at 651:

trial court erred in refusing to award it costs and disbursements against plaintiff has no merit.

"We find the instant case to be a suit in equity. It is essentially a creditor's suit brought to determine the respective rights of multiple parties, each of whom claim to have, or to have had, interests in contested collateral. * * *

"* * * * *

"* * * The complexity involved and procedural flexibility required to properly order priorities and property rights where multiple parties claim conflicting interests in the same collateral (or proceeds therefrom) renders a creditor's relief at law inadequate and brings the issue within the jurisdiction of the equity court."

Although plaintiff is the debtor, it was obligated to defend Bank's collateral. Furthermore, the case was pleaded and tried as a proceeding in equity. Defendant so alleged, and it asserted an equitable defense and an equitable cross-claim. It also anticipated that, if the court declared that Bank was entitled to the proceeds, Bank would also be entitled to a judgment against defendant, in which case it prayed for judgment against plaintiff, as well as the right to equitable subrogation to Bank's rights under guarantees which it held for the debt owed by plaintiff. That is the way all of the parties treated the litigation, and that is the way it was tried and decided.

Accordingly, I would treat the action as one that is equitable in nature. In such cases, trial courts historically have been empowered to grant complete relief, even if doing so affords relief beyond that prayed for, if the relief granted is within the issues framed by the pleadings. *Kerschner v. Smith*, 121 Or 469, 474, 236 P 272, 256 P 195 (1927). Here, plaintiff alleged that Bank had a prior right to the proceeds; defendant denied that allegation and Bank admitted it. Defendant alleged that, if it was required to pay the money to Bank, defendant was entitled to a judgment against plaintiff for the same amount.

ORCP 67C preserves that rule. It provides:

"Every judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if such relief has not been demanded in the pleadings, except:

"C(1)    A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. However, a default judgment granting equitable remedies may differ in kind from or exceed in amount that

prayed for in the demand for judgment, provided that reasonable notice and opportunity to be heard are given to any party against whom the judgment is to be entered.

"C(2)   Where a demand for judgment is for a stated amount of money as damages, any judgment for money damages shall not exceed that amount."

Although subsection C(1) is not directly applicable, I quote it because, by authorizing judgments granting "equitable remedies" to "differ in kind from or exceed in amount that prayed for" in default judgments, it illustrates the continuing recognition of the distinction between remedies in proceedings that are equitable in nature and those in proceedings at law and of the authority of courts granting remedies in equitable proceedings to fashion such relief as will best accomplish the ends of justice. *See Cameron v. Benson,* 295 Or 98, 103, 664 P2d 412 (1983). Equity, it has been said, does not do justice by halves.[1] It follows that subsection C(2), which defendant contends limits the court's authority to award a money judgment beyond that demanded in the pleadings, is inapplicable.

Subsection C(2) refers only to demands for a stated amount of money *as damages,* an historically legal remedy. Here, the judgment for money simply carried out the court's declaration that Bank was entitled to the proceeds, and was purely ancillary to the equitable relief sought, completes that relief and avoids multiple actions. If the court had not entered the money judgment, Bank could have filed a petition for supplemental relief under ORS 28.080.[2] Then defendant could have gone through the same process to obtain a judgment against plaintiff. The trial court properly obviated the necessity for those additional expenditures of time and money; the majority, without any valid reason, insists that the parties and the court must do more to achieve the obvious.

---

[1] "Courts of equity delight to do justice, and that not by halves." *Tallman v. Varick,* 5 Barb 277, 280 (NY 1848).

[2] ORS 28.080 provides:

"Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application thereof shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith."

Defendant contends, and the majority agrees, that *City of Portland v. Hespe*, 69 Or App 663, 687 P2d 804 (1984), nevertheless precludes a judgment on a cross-claim that was not pleaded. That case recognized that ORCP 67C empowers a court to grant relief not demanded in the pleadings under some circumstances but properly held that the relief granted by the trial court in that case was error. There, the City of Portland brought an action to declare that certain buildings were public nuisances and that the city could abate the nuisance by demolition. The defendants were Hespe, the vendor of the property, the vendee and several sub-vendees. The vendee had commenced a strict foreclosure action against her sub-vendees, and that action was consolidated with the city's action. The trial court granted the vendee strict foreclosure and declared that the structures were a public nuisance and could be demolished unless the vendee performed certain acts, including paying off Hespe. We reversed and remanded with instructions to delete from the judgment the condition that the vendee pay off Hespe, because that remedy was not raised by any issue framed by the pleadings.

It is apparent that the vendee's obligation to Hespe, her contract vendor, was independent of and unrelated to the city's demand for declaratory relief. Therefore, the monetary relief awarded Hespe had no relation to the equitable relief sought by and granted to the city. Here, however, the monetary relief awarded Bank was predicated on the same rights and duties as the declaratory relief demanded and granted; it merely effectuated the rights that were established by the declaratory judgment. Accordingly, I would affirm the money judgment in favor of Bank and against defendant and the money judgment in favor of defendant against plaintiff in order to complete the relief that obviously is called for in this action.

Because I would affirm those judgments, I would decide defendant's remaining assignments. First, it contends that the trial court erred in denying its claim for subrogation to the rights of Bank. It argues that, in satisfying the judgment against it, defendant "will be paying the debt of [plaintiff] and its guarantors" and therefore should be subrogated to Bank's rights and priorities against plaintiff and its guarantors. However, the judgment against defendant merely requires that it

deliver to Bank that to which Bank is lawfully entitled, as against defendant.[3]

Finally, defendant contends that the trial court erred in refusing to award its costs and disbursements against plaintiff, because it obtained a judgment against plaintiff and is the prevailing party. In the ordinary case, costs and disbursements are allowed to the prevailing party. The trial court properly concluded that, because plaintiff obtained the declaration that it sought and that defendant disputed, plaintiff was the prevailing party. It is true that defendant obtained a judgment against plaintiff; however, there was no dispute but that it was entitled to that judgment if plaintiff obtained the relief that it sought and if defendant was obligated to pay the money to Bank. Although the trial court could have directed otherwise, ORCP 68B, it was not required to do so.

In summary, I would modify the judgment only to delete prejudgment interest, because that is conceded to be error. In all other respects, I would affirm.

Rossman, J., joins in this dissent.

---

[3] In its reply brief, defendant raises, for the first time, the issue of marshalling. Because the issue was not raised below, I would not consider it.