Argued and submitted September 25, affirmed December 6, 1989, Oregon Insurance
Guaranty Association's reconsideration and Taylor's reconsideration denied
January 26, both petitions for review denied March 27, 1990 (309 Or 522)

# TAYLOR,
*Appellant,*

*v.*

# OREGON INSURANCE GUARANTY ASSOCIATION,
*Respondent.*

(A8803-01500; CA A49278)

# OREGON INSURANCE GUARANTY ASSOCIATION,
*Appellant,*

*v.*

# SLONECKER et al,
*Respondents.*

(A8704-02468; CA A49337)
(Cases Consolidated)

783 P2d 49

Scott M. Supperstein, Portland, argued the cause for appellant Hollis Taylor. With him on the briefs were Fred Kopatich and Doblie & Associates, Portland.

David B. Gray, Portland, argued the cause for respondent Oregon Insurance Guaranty Association. (CA A49278) With him on the brief was Thorpe & Swensen, Portland.

Thomas K. Thorpe, David B. Gray and Thorpe & Swensen, Portland, filed the briefs for appellant Oregon Insurance Guaranty Association. (CA A49337)

Douglas A. Haldane, Houston, Texas, argued the cause and filed the brief for respondents Slonecker.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

These two cases were consolidated for appeal. In both, the issue is whether Oregon Insurance Guaranty Association (OIGA) is liable to Forest Industries Insurance Exchange's (FIIE) insureds to the same extent that FIIE would have been liable had FIIE not become insolvent. Plaintiff Taylor appeals the dismissal of her action for a declaratory judgment. In the companion case, OIGA, which sought a declaratory judgment determining its liability, appeals the summary judgment granted defendants Slonecker.[1] We agree with the insureds in both cases that OIGA is liable under the policies to the same extent as FIIE. We affirm the judgment in the Slonecker case, but we affirm the dismissal in the Taylor case, because her complaint failed to state a claim.

An insurer that issues a policy of liability insurance in Oregon must include a provision for uninsured motorist coverage. ORS 743.789(1). When an insured purchases an automobile liability insurance policy providing liability coverage in excess of the statutory minimum of $25,000 per person and $50,000 for two or more persons, ORS 806.070, the insurer must offer the insured the opportunity to purchase uninsured/underinsured motorist coverage in excess of the statutory minimum of uninsured motorist coverage, up to the amount of liability insurance coverage purchased. ORS 743.789(2); *White v. Safeco Insurance Co.,* 68 Or App 11, 680 P2d 700, *rev den* 297 Or 492 (1984). The result of the failure of an insurer to offer such coverage is that the court will "read into the insurance contract the coverage which [the insurer] should have offered." *Blizzard v. State Farm Automobile Ins. Co.,* 86 Or App 56, 61, 738 P2d 983, *rev den* 304 Or 149 (1987).

In both cases, it is undisputed for purposes of appeal that FIIE failed to offer the additional coverage. FIIE issued a policy to Taylor with liability coverage limits of $100,000 per person and uninsured/underinsured coverage of $15,000 per person. The Sloneckers bought liability coverage of $100,000 per person and uninsured/underinsured coverage of $25,000

---

[1] Because we affirm the trial court's judgment reforming the Sloneckers' policy, we need not reach Dennis Slonecker's contention that, even without reformation of the policy, he is entitled to underinsurance benefits.

per person. In both cases, the insureds were involved in automobile accidents and received an amount from the other drivers that did not pay for all of their injuries. Consequently, they seek to recover underinsurance benefits commensurate with the coverage that should have been offered them. The parties do not dispute that FIIE is responsible for the additional coverage that was not offered. The issue is whether OIGA must assume the same responsibility.[2]

The legislature created OIGA to protect insureds from loss when insurance companies become insolvent. ORS 734.520; ORS 734.550. The statutes creating and defining OIGA's authority are to be liberally construed to achieve that purpose. ORS 734.530. When an insurer becomes insolvent, OIGA must pay the then existing "covered claims" of the insurer or those that arise within 30 days after insolvency. ORS 734.570(1).

A "covered claim" is defined as

"an unpaid claim * * * that arises out of and is within the coverage and limits of an insurance policy to which ORS 734.510 to [ORS] 734.710 apply and which is in force at the time of the occurrence giving rise to the unpaid claim * * *." ORS 734.510(4)(a).

A "covered claim" does not include "[a]ny amount in excess of the applicable limits of liability provided by an insurance policy * * *." ORS 734.510(4)(b)(A); see also ORS 734.570(1). To the extent of OIGA's obligation on a covered claim, OIGA steps into the shoes of the insurer and has all "the rights, duties and obligations of the insolvent insurer as if the insurer had not become insolvent." ORS 734.570(2).

OIGA argues that the enhanced policy limits of the policy cannot be a covered claim, because the higher limits of

---

[2] OIGA contends also that the insureds' exclusive remedy was to seek reformation directly against FIIE's receiver under ORS 734.280. ORS 734.280 explains the procedure for filing a claim against the receiver of an insurer; it does not address the procedure for recovery from OIGA. ORS 734.600(1) indicates that claims may be submitted to OIGA under OIGA's plan of operation. Furthermore, the insureds did not need to get the insurance policy reformed against FIIE before OIGA could be liable. The additional coverage is deemed to be included in the policy from the time of the accident as a matter of law. *Blizzard v. State Farm Automobile Ins. Co., supra,* 86 Or App at 61. Because OIGA steps into the shoes of an insolvent insurer to the extent of its obligation under the policy, OIGA is obligated to pay to the limits that are implied as a matter of law.

coverage were not in effect when the accident occurred.[3] Under *Blizzard v. State Farm Automobile Ins. Co., supra,* the coverage that should have been offered is read into the policy, as if it had been included when the accident occurred. 86 Or App at 61. Therefore, the limits of coverage are treated as being in effect when the accident occurred and fall within the definition of a covered claim. OIGA is obligated to pay the claims up to the limits of coverage that could have been imposed on FIIE. Therefore, in the Slonecker case the trial court properly held OIGA responsible for the additional coverage.

■ The trial court allowed Taylor to amend her complaint for declaratory relief to name FIIE's receiver. At the same time and in the same order, the trial court ordered that the amended complaint that had yet to be filed be dismissed. When Taylor submitted her amended complaint, it contained the allowed amendment but also added a reference to OIGA being empowered to act for the Insurance Commissioner. Thereafter, OIGA objected to the amended complaint on the ground that it included amendments that were not allowed by the court. The trial court granted the motion and struck from the amended complaint the reference to OIGA.

We conclude that the trial court did not abuse its discretion by striking the portions of the amended complaint that had not previously been allowed. Without the stricken language, however, the complaint fails to state a justiciable controversy, because it makes no reference to OIGA. *See Dry Canyon Farms v. U.S. National Bank of Oregon,* 84 Or App 686, 735 P2d 620 (1987). Therefore, although we agree with the arguments made by both insureds on the merits, the trial court did not err in dismissing Taylor's complaint for failure to state a claim.[4]

Affirmed in each case.

---

[3] OIGA also contends that it cannot be liable for the misconduct of an insurer. The appropriate inquiry, however, is not whether the claim arises from an insurer's misconduct but whether it falls within the definition of a covered claim.

OIGA's other contentions also lack merit.

[4] Taylor's other contentions lack merit and require no discussion.