Argued and submitted September 2, reversed and remanded with instructions December 16, 1992

Charles L. BELGARDE
and Glenna Sue Belgarde,
husband and wife,
*Appellants,*

*v.*

Donetta R. MARLIA
and Gerard Marlia,
*Respondents.*

(89-400-L; CA A72452)

843 P2d 981

Carlyle F. Stoutt III, Medford, argued the cause and filed the brief for appellants.

Richard B. Thierolf, Jr., Medford, argued the cause for respondents. With him on the brief was Jacobson, Jewett & Thierolf, P.C., Medford.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff landlords brought this action against defendant tenants for damage to a leased mobile home. Defendants advanced a number of counterclaims which, in the main, asserted violations of the Oregon Residential Landlord and Tenant Act. The case was tried to the court, which found in both side's favor on some of their claims, entered a net judgment for defendants and awarded them attorney fees of $5,500. Plaintiffs appeal and raise four assignments of error. The second and third require no discussion.

Plaintiffs' first assignment is that it was error for the court to award defendants $325 as damages for plaintiffs' failure to return a "last month's rent deposit" at the end of the tenancy. Plaintiffs note that defendants did not plead that theory in the counterclaims on which they went to trial, although it had been included in an earlier pleading. They also contend that the theory was not tried by consent or under any other circumstances that would permit an award pursuant to ORCP 23B.

We agree that it was error to award damages to defendant on the unpleaded theory.[1] In *Cheryl Wilcox Property Management v. Appel*, 110 Or App 90, 821 P2d 428 (1991), we held that the trial court erred by awarding damages when the theory for their recovery was not sought and *no* money damages were sought on any theory. We reasoned:

"Ordinarily, a judgment must be responsive to the issues framed by the pleadings, and a trial court usually has no authority to render a decision on an issue not presented for determination. * * * However, under ORCP 23B, the parties can try issues not raised in the pleadings by 'implied consent' and a failure to amend the pleadings formally 'does not affect the result of the trial of these issues.' ORC[P] 23B does not help plaintiff here, because of the more specific rules about pleading claims for money damages. Under ORCP 67C, a judgment is not limited in kind or amount by the demand but 'shall grant the relief to which the party in whose favor it is rendered is entitled, even if such relief has not been demanded in the pleadings * * *.' ORCP 67C. If, however, 'a demand for judgment is for a stated amount of money as

---

[1] Defendants argue that the assignment of error turns on whether there was evidence to support the court's finding. We do not agree that that is the issue.

damages, any judgment or money damages *shall not exceed that amount.*' ORCP 67C(2). (Emphasis supplied.)

"The pleadings lack any allegations that would support a claim for damages based on a wilful holdover in bad faith, and there is no prayer for money damages. Because plaintiff made no claim or demand for money damages in the pleadings, under ORCP 67C(2) it is not entitled to a judgment granting that relief." 110 Or App at 94. (Citations omitted.)

Here, unlike in *Appel*, defendants did seek monetary relief in their counterclaims; however, as in *Appel*, they did not plead one of the specific theories for which they received an award. We do not read *Appel* as implying that the usual rule, limiting monetary relief to the theories pleaded, does not obtain in any situation where a claim or demand for monetary damages is made on some unrelated theory. The principle that is apposite here, and that *Appel* does not disturb, was stated in *City of Portland v. Hespe*, 69 Or App 663, 665, 687 P2d 804 (1984):

"Although under ORCP 67C a court is empowered under certain circumstances to grant relief not demanded in the pleadings, the rule does not extend the court's authority to grant relief on a cross-claim which was never pleaded."

Similarly, here, the court's authority did not extend to granting relief on an unpleaded counterclaim.[2] It follows that the court erred by awarding defendants $325 for the unreturned deposit. That conclusion also answers plaintiffs' fourth assignment, in which they contend that the court erred in awarding attorney fees to defendants. After the deletion of $325 from the award, defendants will not be the prevailing parties and will not be entitled to attorney fees. ORS 90.255.

Reversed and remanded with instructions to reduce defendants' damages by $325, to vacate award of attorney fees and to enter an amended judgment.

---

[2] In *Appel*, of course, neither a specific theory nor a claim for monetary damages was pleaded. It was unnecessary there, and it is also unnecessary here, to consider all possible permutations under ORCP 67C when either a theory of relief *or* a claim for monetary damages is pleaded, but not both.