Argued and submitted April 14, reversed and remanded November 13, 2003

Robert RIEMAN,
Francis Reiman, Frederick Westendorf,
Donna Westendorf, Darly Pitman, Lucille Pitman,
Danna Lyche, Theresa Getty-Adam,
Martin Wafford, Tim McLareu,
Brandi Thoms, Lee Layman, Ida Clarke,
Larry Davis, Fenny Davis,
Ronald Casper, Paulette Casper,
Jennie Malone, Marisol Benz, Cahd Benz,
Paul Lucas, Tami Lucas,
Jenny Meeks, Steve Meeks,
Frank Witton, Howard Smith,
and Collette Whitton,
*Respondents,*

*v.*

Ann SWOPE,
dba Aspen Creek,
*Appellant.*

00-CV-0094-ST; A116891

79 P3d 399

Gerald A. Martin argued the cause for appellant. On the brief were Gerald A. Martin and Francis & Martin.

Michael R. Genna argued the cause for respondents. With him on the brief were Joseph J. Reiley and Genna & Associates.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

■    Defendant appeals from a judgment for plaintiff Collette Whitton,[1] and makes three assignments of error: The trial court erred when it (1) held that defendant violated ORS 90.610; (2) awarded Whitton $100 in noneconomic damages; and (3) refused to designate defendant as the prevailing party with regard to all plaintiffs except Whitton. Plaintiffs' arguments present only questions of law and, accordingly, we review for errors of law, *Wade v. Mahler*, 167 Or App 350, 352, 1 P3d 485, *rev den*, 331 Or 334 (2000), and reverse.

The facts are largely undisputed. Defendant was the landlord of Aspen Creek Mobile Home Park (Aspen Creek) where Whitton resided as a tenant. Aspen Creek has common facilities on site for the use of tenants, including a clubhouse, a pool, and a hot tub. In the summer of 1999, Whitton, along with other tenants, formed a tenant association because they were concerned about problems at Aspen Creek. After the tenant association was formed, defendant initiated an action, not related to this case, against Whitton, and Whitton counterclaimed for harassment and retaliation. The action was decided in Whitton's favor. After the formation of the tenant association, the relationship between the park management and the tenants worsened. At some point after the tenant association was formed and the action was decided in Whitton's favor, defendant changed the hours that the common facilities would be available for tenant use, citing instances of vandalism. Plaintiffs filed this action, alleging that defendant violated ORS 90.610[2] by changing the

---

[1] In this case, the only plaintiff we refer to by name is Whitton because she was the only plaintiff to whom the trial court awarded damages.

[2] ORS 90.610 provides, in part:

"(3) The landlord may propose changes in rules or regulations * * * by giving written notice of the proposed rule or regulation change, and unless tenants of at least 51 percent of the eligible spaces in the facility object in writing within 30 days of the date the notice was served, the change shall become effective * * * on a date not less than 60 days after the date that the notice was served by the landlord.

"* * * * *

"(7) The landlord's notice of a proposed change in rules or regulations * * * must include:

"(a) Language of the existing rule or regulation and the language that would be added or deleted by the proposed rule or regulation change[.]"

hours of the facilities without following procedures for rule and regulation changes as set out in ORS 90.610 and asserting a claim for damages.

At trial, Whitton testified that she was inconvenienced because she spent time organizing a potluck that was to be held at Aspen Creek's common facilities. She explained that, when she went to the facilities to prepare for the potluck, the facilities were closed, and the potluck had to be canceled. Defendant objected to that testimony, arguing that it was beyond the scope of the pleadings because it concerned noneconomic damages. The trial court overruled defendant's objection.

After both parties had rested, the trial court noted that plaintiffs' claim under ORS 90.610 was a claim "for actual damages only. There are no statutory * * * nominal and minimum damages provided for [in] violating 90.610." The court also found

> "that there was a violation of 90.610. * * * As I've said, the request is for actual damages only.
>
> "The way these damages were pled concerns the Court. The request for damages is for * * * three times the monthly rent. But no specific dollar figure for any of the Plaintiffs was pled. And I don't think that figure was pulled out of thin air. It looks like it came out of [90].245, although * * * the First Claim for Relief doesn't mention * * * 90.245. But the Second Claim for Relief does.
>
> "There's insufficient proof of actual damages in terms of specific out-of-pocket expenses. There just is no proof of that. And a Court can't award any damages for that."

In its written decision, the court reiterated its holding that defendant violated ORS 90.610. The court refused to award economic damages, but held:

> "Plaintiffs have * * * proven that they were *inconvenienced by the violation. This sort of noneconomic damage is recoverable.* ORS 90.125. *Brewer v. Erwin*[, 287 Or 435, 600 P2d 398 (1979)]. Neither plaintiff pleaded a specific dollar

ORS 90.610(7)(b) provides that the landlord's notice of a proposed change must be issued in a specific form and must include language mirroring ORS 90.610(3).

amount of damages. Instead they claimed damages of three months' periodic rent. * * *

"There is evidence of [Whitton's] periodic rent. The court awards her $100 *for her inconvenience*.

"* * * * *

"[Whitton] is entitled to a judgment of $100 *on her first claim for relief*."

(Emphasis added.)

■ ■ We begin with defendant's second assignment of error. Defendant contends that the trial court erred by awarding Whitton noneconomic damages, because plaintiffs' second amended complaint neither alleged, nor requested, an award for noneconomic damages.[3] As defendant notes, the second amended complaint "alleged only the three months' rent liquidated damage provision of ORS 90.245. This measure of damages was alleged in each of the four claims, even though it was appropriate only to the second claim for relief which was based on an alleged violation of ORS 90.245."[4]

■ Defendant's second assignment of error pertains solely to the *award* of damages—not to any alleged error in *admitting evidence* that arguably supported a different measure of damages. That is, although defendant objected to Whitton's testimony that Whitton was inconvenienced, defendant does not assign error to the overruling of that

---

[3] We do not decide whether the legislature intended that economic or noneconomic damages be a remedy for a violation of ORS 90.610, because plaintiffs did not plead noneconomic damages. Additionally, defendant raises an additional argument on appeal that "[plaintiff] did not plead, as required by ORCP 18, a plain and concise statement of the ultimate facts constituting a claim for relief, together with the relief sought." That argument was not preserved, and we decline to address it for the first time on appeal. *State v. Hitz*, 307 Or 183, 766 P2d 373 (1988).

[4] ORS 90.245 provides, in part:

"(1) A rental agreement may not provide that the tenant:

"(a) Agrees to waive or forego rights or remedies under this chapter;

"* * * * *

"(2) A provision prohibited by subsection (1) of this section included in a rental agreement is unenforceable. If a landlord deliberately uses a rental agreement containing provisions known by the landlord to be prohibited and attempts to enforce such provisions, the tenant may recover in addition to the actual damages of the tenant an amount up to three months' periodic rent."

objection. Thus, although we agree that the pleadings did not seek noneconomic damages, we must assume, for purposes of appellate review, that evidence of some damage from inconvenience was properly before the trial court. *See State ex rel Juv. Dept. v. Thai/Schmolling*, 138 Or App 354, 360, 908 P2d 844 (1995) (holding that, if a court's ruling admitting evidence is not challenged on appeal, we assume without deciding that such evidence was properly admitted). Even so, however, because Whitton did not allege in her pleadings that she was inconvenienced by defendant or that she was entitled to noneconomic damages for her inconvenience, the question remains whether an award of noneconomic damages was appropriate under the circumstances.

Defendant argues that, because Whitton did not request noneconomic damages in her pleading,"[d]efendant [was] placed in a position without information necessary to mount a proper defense." In *Schroeder v. Schaefer*, 258 Or 444, 464, 483 P2d 818 (1971), the Supreme Court stated:

> "The purpose of pleadings is to give notice of the issues to be litigated so that appropriate defenses can be prepared. Therefore, in a situation in which no surprise or prejudice has been suffered by the opposing party, the unqualified and strict application of the rule in question would seem to be inappropriate."

In *Schroeder*, the court held that "[t]he defendants were not taken by surprise" because defendants' attorney made a statement to the trial court, while discussing the admissibility of evidence, that indicated that the attorney anticipated the litigation of an issue that was not identified in the pleadings. *Id.* at 465.

This case is distinguishable from *Schroeder* because, on this record, there is no indication that defendant should have anticipated, or did anticipate, that Whitton would proffer evidence of noneconomic damages or inconvenience, nor does Whitton point us to any evidence indicating that defendant was prepared or should have been prepared to litigate that issue.

As support for its award of noneconomic damages, the trial court cited ORS 90.125 and *Brewer*. ORS 90.125(1) provides that "[t]he remedies provided by this chapter shall

be so administered that *an aggrieved party may recover appropriate damages.*" (Emphasis added.) Whitton argues that she alleged

> "violations of the RLTA, which is sufficient to justify a noneconomic award of 'appropriate damages.' This reasoning is supported by the *Brewer* court, which depicts the RLTA as dual purposed. It is first remedial, in that a landlord who does not comply is subject to damages for the statutory violations, and secondly, it is compensatory for a tenant when violations are easily quantified as monetary injury. Therefore, the noneconomic losses of the Plaintiff, not specifically [pleaded] as actual damages, but [pleaded] solely in terms of statutory violations of the RLTA, give the Trial Court the authority to award 'appropriate damages' under ORS 90.125(1) in conformity with plain legislative intent."

(Citations omitted.)

In *Brewer*, the court did not hold that, under ORS 90.125(1), a court may award damages that were not sought in the complaint. Rather, in *Brewer*, the damages that were at issue on appeal were pleaded and both parties were on notice of the issues that were litigated and the damages that the trial court awarded. We know of no applicable case that interprets ORS 90.125 to allow an award of noneconomic damages that were not pleaded, and we decline to interpret ORS 90.125 to authorize such an award in this case.

■ Nonetheless, Whitton argues that, even assuming that she did not request noneconomic damages in her complaint, ORCP 67 C justifies the trial court's award. ORCP 67 C provides that "[e]very judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if such relief has not been demanded in the pleadings[.]"

In *Belgarde v. Marlia*, 117 Or App 191, 193, 843 P2d 981 (1992), we held that, despite the text of ORCP 67 C, "it was error to award damages to defendant on [an] unpleaded theory." Additionally, in *Dry Canyon Farms v. U.S. National Bank of Oregon*, 84 Or App 686, 691-92 n 2, 735 P2d 620 (1987), we explained that ORCP 67 C(1) "merely allows the court in an equity case to grant a judgment that may differ in kind from or exceed in amount *that prayed for* in the demand

for judgment." (Internal quotation marks omitted; emphasis in original.) This case is not a case in equity and, as we explained in *Dry Canyon Farms*, a party, "having made no demand for relief, cannot be granted relief." 84 Or App at 692 n 2; *see also Cheryl Wilcox Property Management v. Appel*, 110 Or App 90, 94, 821 P2d 428 (1991) (holding that ORCP 67 C could not salvage a trial court's award of damages for a theory of recovery that was not sought); *City of Portland v. Hespe*, 69 Or App 663, 665, 687 P2d 804 (1984) (noting that, "[a]lthough under ORCP 67 C a court is empowered under certain circumstances to grant relief not demanded in the pleadings, the rule does not extend the court's authority to grant relief on a cross-claim which was never pleaded").

■　Because we have determined that ORCP 67 C does not apply to this case, we turn to whether Whitton's prayer for "such other relief as the court may deem equitable and just" justifies the trial court's award of noneconomic damages for inconvenience. We conclude that it does not. We know of no case, and Whitton does not point us to any authority, that supports upholding an award of noneconomic damages due to inconvenience that was not alleged in the complaint and where noneconomic damages were not prayed for in the complaint. We therefore hold that the trial court erred in awarding Whitton noneconomic damages because she did not allege noneconomic damages due to inconvenience in her pleadings and, as such, she did not put defendant on notice of her claim.

　We conclude that the trial court erred in awarding Whitton noneconomic damages. Whitton was not entitled to prevail on her claim under ORS 90.610 because she was not entitled to noneconomic damages and did not plead actual damages. Accordingly, we do not reach defendant's first assignment of error.

■　We turn to defendant's third assignment of error. Defendant argues that she should have been awarded costs and attorney fees against plaintiffs, pursuant to ORS 90.255, which provides, in part:

> "In any action on a rental agreement or arising under this chapter, reasonable attorney fees at trial and on appeal may be awarded to the prevailing party together with costs and necessary disbursements * * *. As used in this section,

'prevailing party' means the party in whose favor final judgment is rendered."

We hold that defendant, as the prevailing party against all plaintiffs in this case, should have been designated as such and is entitled to request her attorney fees, costs, and necessary disbursements. We therefore reverse and remand and instruct the trial court on remand to designate defendant as the prevailing party as to all plaintiffs in this case.

Reversed and remanded.