Argued and submitted December 3, 2004, reversed and remanded for reconsideration June 1, petition for review denied November 22, 2005 (339 Or 544)

In the Matter of the Compensation of
Mark S. Hall, Claimant.

OREGON INSURANCE GUARANTY ASSOCIATION,
*Petitioner,*

*v.*

Mark S. HALL,
Inn of the Seventh Mountain,
and American Alternative Insurance Co.,
*Respondents.*

02-07574, 01-01691; A122994

113 P3d 452

Kenneth L. Kleinsmith argued the cause for petitioner. With him on the briefs was Radler, Bohy, Replogle & Miller.

Edward J. Harri argued the cause for respondent Mark S. Hall. With him on the brief was Glen J. Lasken.

Jerald P. Keene argued the cause and filed the brief for respondents Inn of the Seventh Mountain and American Alternative Insurance Co.

Before Edmonds, Presiding Judge, and Schuman, Judge, and Leeson, Judge pro tempore.*

LEESON, J. pro tempore.

---

* Leeson, J. pro tempore, *vice* Wollheim, J.

## LEESON, J. pro tempore

Oregon Insurance Guaranty Association (OIGA) seeks review of an order of the Workers' Compensation Board (board) setting aside OIGA's denial of responsibility for claimant's claim and upholding American Alternative Insurance Co.'s (AAIC) denial of responsibility for the same claim. We review board orders for substantial evidence and errors of law, ORS 656.298(7); ORS 183.482(8)(a); *Garcia v. Boise Cascade Corp.*, 309 Or 292, 787 P2d 884 (1990). We reverse and remand.

The relevant facts are not disputed. Claimant was employed by the Inn of the Seventh Mountain, a subsidiary of Encore Resorts, Inc. (employer). Reliance Insurance Company (Reliance) began providing workers' compensation insurance for employer in July 1996. Reliance canceled employer's coverage effective August 1, 2000. AAIC began providing workers' compensation insurance for employer on August 1, 2000.

On September 13, 2000, while AAIC was the insurer, claimant injured his back while he was hauling luggage. He filed a workers' compensation claim with employer, and employer mistakenly sent it to Reliance. On December 15, 2000, Reliance mistakenly accepted the claim as a nondisabling lumbar strain, and it paid benefits to claimant. On February 23, 2001, Reliance issued a partial denial of claimant's claim for a current low back condition. It asserted that claimant's pre-existing back conditions were the major contributing cause of the current condition.[1]

On October 3, 2001, Reliance became insolvent, and OIGA assumed Reliance's rights, duties, and obligations under ORS 734.510 to 734.710. On May 21, 2002, OIGA notified claimant that it had discovered that his current condition claim was not a "covered claim" under Oregon law because employer did not have a workers' compensation insurance policy with Reliance when claimant was injured. OIGA informed claimant that OIGA therefore would not

---

[1] Contrary to OIGA's contention in its brief, Reliance issued only a compensability denial. It did not seek to issue a back-up denial relating to responsibility.

assume responsibility for the claim, even assuming that it was compensable, which OIGA asserted it was not. OIGA also advised claimant to file claims against other potentially responsible insurers. Claimant requested a hearing on OIGA's denial.

On June 25, 2002, claimant asked AAIC to process the claim. AAIC denied responsibility. It explained:

> "While your injury normally would have been the responsibility of [AAIC], another insurer accepted your claim and paid benefits. Under Oregon law once an insurer accepts a claim it can not later deny that it is not [*sic*] responsible on the basis that it did not have coverage at the time of the injury. Reliance Insurance Company (now OIGA) has improperly denied responsibility for your claim. OIGA is still responsible for your claim."

Claimant also requested a hearing on AAIC's denial.

The ALJ held a consolidated hearing on both denials. The ALJ held that the claim was compensable and that OIGA was responsible because it could not deny the claim that Reliance previously had accepted. The board affirmed. It found that claimant had met his burden of establishing that his compensable work injury was the major contributing cause of his current low back condition. The board rejected OIGA's argument that it was not responsible for the claim because claimant's injury had occurred after the expiration of Reliance's policy. The board reasoned that Reliance had accepted the claim and that under ORS 656.262(6)(a) it could not thereafter revoke acceptance. Relying on our decision in *Taylor v. Oregon Insurance Guaranty Assoc.*, 99 Or App 554, 558, 783 P2d 49 (1989), *rev den*, 309 Or 522 (1990), the board held that OIGA stepped into the shoes of Reliance and took on all the rights, duties, and obligations of Reliance as if Reliance had not become insolvent.

On review, OIGA concedes the compensability of claimant's claim, but it argues, as it did before the board, that under ORS 734.570[2] it is obligated to pay only "covered claims" as ORS 734.510(4)(a) defines that term. OIGA contends that a "covered claim" must arise out of a policy that is

---

[2] We set out the texts of the relevant statutes below.

in force at the time of the occurrence that gives rise to the unpaid claim, which necessarily relates to the date of an injury. On the date of claimant's injury, AAIC, not Reliance, was employer's workers' compensation insurer. OIGA argues that the board erred in concluding that ORS 734.570 "places OIGA 'into the shoes of the [insolvent] insurer'" in all circumstances.

AAIC responds that OIGA's rights and obligations to claimant are identical to Reliance's, as if Reliance had not become insolvent. It reasons that ORS 656.262(6)(a) would have prohibited Reliance from denying responsibility for the claim once the claim was accepted. By accepting the claim and paying benefits, AAIC contends, Reliance assumed legal obligations to claimant that OIGA must now fulfill.[3]

■■ On review, we must determine whether claimant's claim is a "covered claim" under the OIGA statutes and, if it is not, whether ORS 656.262(6)(a) nonetheless requires OIGA to assume Reliance's obligations to claimant. To do so, we must interpret relevant provisions of the OIGA statutory scheme in accordance with *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). We first examine the text and context of statutes according to their "plain, natural, and ordinary meaning." *Id.* at 611. As part of the text, we consider the Supreme Court's prior cases interpreting a statute. *See Stephens v. Bohlman*, 314 Or 344, 350 n 6, 838 P2d 600 (1992) (Supreme Court interpretations of statute become part of statute as if written into it at time of enactment). If legislative intent is clear from the text and context of the statutes, no further analysis is necessary. *PGE*, 317 Or at 611-12.

We begin with OIGA's contention that the claim at issue in this proceeding is not a "covered claim" under the OIGA statutes. ORS 734.520 provides that, as relevant here, the purpose of the OIGA program is "to provide for the payment of *covered claims* under certain insurance policies to avoid excessive delay in payment and to avoid financial loss

---

[3] Claimant also filed a brief with this court, asking us either to affirm OIGA's responsibility for his claim or to remand the matter to the board directing it to set aside AAIC's denial of responsibility.

to claimants or policyholders because of the insolvency of an insurer * * *." (Emphasis added.) ORS 734.510(4)(a) defines a "covered claim" as

> "an unpaid claim * * * that arises out of and is within the coverage and limits of an insurance policy to which ORS 734.510 to 734.710 apply and which is in force at the time of the occurrence giving rise to the unpaid claim * * *."

That statute identifies three conditions that must be satisfied for a claim to be a "covered claim." First, the claim must be "unpaid." There is no dispute in this case that claimant's claim for a current low back condition is "unpaid." Second, the unpaid claim must arise out of and be within the coverage and limits of an insurance policy to which the OIGA statutes apply. It is well settled that workers' compensation insurers participate fully in the OIGA scheme. *See Bird v. Norpac Foods, Inc.*, 325 Or 55, 65, 934 P2d 382 (1997). Third, the event that gives rise to the claim must occur at a specific time, namely, when the insurance policy is in force. It is undisputed that the "insurance policy" at issue in this case is employer's policy with Reliance, that that policy was not in force when claimant was injured, and that employer's policy with AAIC was in force when claimant was injured.

ORS 734.510(4)(a) thus unambiguously provides that OIGA is liable for the obligations of an insolvent insurer only if the insurer's policy was in force at the time of the occurrence that gave rise to the unpaid claim. The context of ORS 734.510(4)(a) confirms that point. ORS 734.570(1), which obligates OIGA to pay covered claims existing at the time of determination of insolvency of an insurer or arising within 30 days after the determination of insolvency, provides, in part: "In no event shall the association be obligated * * * for claims arising after the policy expiration, policy replacement by the insured or policy cancellation caused by the insured."

AAIC does not dispute the meaning of a "covered claim" in ORS 734.510(4)(a) or the limitation on OIGA's coverage described in ORS 734.570(1). Rather, it contends that OIGA cannot rely on its own statutes to avoid paying an obligation to claimant that became Reliance's obligation as an

insurer once Reliance accepted the claim. According to AAIC, ORS 656.262(6)(a),[4] which would prohibit Reliance from issuing a back-up denial of claimant's accepted claim, means that OIGA cannot deny responsibility for the claim. AAIC reasons that, because Reliance could not have issued a back-up denial of claimant's accepted claim under ORS 656.262(6)(a), Reliance was responsible for the claim and its responsibility passed to OIGA when Reliance became insolvent. According to AAIC, "the OIGA statutes dictate that [OIGA] must have the 'rights, duties and obligations of the insurer' to the claimant *as if the insurer had not come insolvent.*' " (Emphasis in original.) AAIC also relies on this court's decision in *Taylor* for the proposition that "OIGA 'steps into the shoes of the insurer.' "

Even if we assume that AAIC is correct that, if Reliance had remained solvent, ORS 656.262(6)(a) would have prevented Reliance from issuing a back-up denial in this case, that does not mean that OIGA's liability is the same as Reliance's would have been. The first problem with AAIC's argument that OIGA has the same rights, duties and obligations that Reliance would have had is that AAIC quotes out of context the clause from ORS 734.570 on which it relies. ORS 734.570(2) provides that OIGA shall

> "[b]e the insurer *to the extent of the association's obligation on the covered claims and to such extent* have all the rights, duties and obligations of the insolvent insurer as if the insurer had not become insolvent."

(Emphasis added.) By its terms, ORS 734.570(2) limits OIGA's obligation for an insolvent insurer to "the extent of the association's obligation on the covered claims." As we have explained, ORS 734.510(4)(a) defines a "covered claim" as that term applies to OIGA. The statute requires, among other things, that the insolvent insurer's policy be in force at

---

[4] *ORS 656.262(6)(a) identifies the only situations in which an insurer or self-insured employer may revoke acceptance of a claim. One situation is fraud, misrepresentation, or other illegal activity by the worker, which is not at issue here. The other is later-obtained evidence that the claim is not compensable or evidence that the insurer or self-insured employer is not responsible for the claim. In that instance, "the insurer or self-insured employer may revoke the claim acceptance and issue a formal notice of claim denial, if such revocation of acceptance and denial is issued no later than two years after the date of the initial acceptance."*

the time of the occurrence giving rise to the claim. *See* ORS 734.570(1) ("[i]n no event" shall OIGA be responsible for claims arising after policy cancellation caused by insured). OIGA's obligations are the same as the insolvent insurer's only with respect to a "covered claim" as that term is defined in ORS 734.510(4)(a).

AAIC also quotes out of context our statement in *Taylor* about the circumstances in which OIGA must "step into the shoes" of an insolvent insurer. In that case, we recited the definition of "covered claim" in ORS 734.510(4)(a) and the exceptions to coverage in ORS 734.510(4)(b)(A). *Taylor*, 99 Or App at 558. We then stated:

> "*To the extent of OIGA's obligation on a covered claim*, OIGA steps into the shoes of the insurer and has all 'the rights, duties and obligations of the insolvent insurer as if the insurer had not become insolvent.' "

■ *Id.* at 558 (emphasis added). *Taylor* thus does not stand for the proposition that OIGA simply steps into the shoes of an insolvent insurer in all circumstances. Rather, OIGA steps into the shoes of an insolvent insurer only if the claim is a "covered claim" as defined in ORS 734.510(4)(a). *See Carrier v. Hicks*, 316 Or 341, 348, 851 P2d 851 (1993) (OIGA protection not identical to coverage a claimant would have had if liability insurer had not become insolvent).

In *Carrier*, the Supreme Court explained that the legislature intended to make OIGA the insurer of last resort and that the OIGA statutory scheme "protects OIGA funds so that they are limited to cases in which no other insurance is available to pay the claim." *Id.* at 351; *see* ORS 734.640(1) (requiring exhaustion of other insurance before becoming entitled to recover from OIGA). In this case, OIGA is not claimant's insurer of last resort. AAIC provided workers' compensation coverage for employer when claimant was injured, and it remains a solvent insurer. AAIC denied responsibility for claimant's claim on the ground that OIGA's obligations in this instance are coextensive with what Reliance's obligations would have been under ORS 656.262(6)(a). For the reasons we have explained, AAIC is incorrect. Under the plain meaning of the relevant OIGA statutes, claimant's claim was not a "covered claim." It follows that the board erred in setting aside OIGA's denial of

responsibility and upholding AAIC's denial of responsibility for claimant's claim.

Reversed and remanded for reconsideration.